# JOSEPH W. RUCKER

*v.*

# SARAH DOOLEY *et al.*

1. SHERIFF'S DEED—*within what time it must be executed.* Although the statute requires a sheriff, on presentation of the certificate of purchase of land sold under execution, to make a deed to the holder thereof, if the land be not redeemed, yet such presentation must be made within a reasonable time, and that reasonable time must be considered, as the time in which the judgment is a lien, adding thereto the fifteen months allowed for redemption.

2. If the application for a deed be made after the eight years and three months have elapsed, and within twenty years, the same must be made through the court from which the execution issued, by a rule upon the sheriff to show cause, and on notice to parties interested, as intermediate purchasers from the judgment debtor or otherwise.

48—49TH ILLS.

| 49 | 377 |
|----|-----|
| 128 | 303 |
| 49 | 377 |
| 135 | 59 |
| 49 | 377 |
| 138 | 271 |
| 49 | 377 |
| 157 | 578 |
| 49 | 377 |
| 186 | 1533 |
| 49 | 377 |
| 187 | 1197 |
| 49 | 377 |
| a188 | 5599 |
| 49 | 377 |
| 189 | 6544 |
| 49 | 377 |
| 199 | 6382 |
| 49 | 377 |
| j201 | 1529 |
| j201 | 3529 |
| j201 | 1531 |
| j201 | 1532 |
| 49 | 377 |
| 202 | 3159 |
| o202 | 160 |
| 49 | 377 |
| 204 | 5548 |
| 205 | 5138 |

3. But the court would be inclined to hold, in analogy to the statute of limitations, and for the protection of purchasers for a valuable consideration, without notice of any lien, from the judgment debtor or those claiming under him, that after the lapse of twenty years a sheriff's deed should not be executed to the holder of a certificate of purchase not under legal disabilities, on the application of the holder to the sheriff, or by any rule or order of court upon him for such purpose ; that such lapse of time should be considered an insuperable bar to its execution.

4. In this case a sheriff's deed was executed on the application to the sheriff by the holder of the certificate, twenty-nine years after the sale on execution. In the intervening time the judgment debtor sold and conveyed the land, the title passing by several subsequent conveyances to a remote purchaser, for a valuable consideration, and without notice of any lien, and who entered into possession before the sheriff's deed was made. It was *held*, the sheriff was not warranted in making the deed, after such a lapse of time, and it was set aside as a cloud upon the title of the party in possession.

5. ' BILL TO QUIET TITLE—*character of title required.* A complainant in a suit to quiet title is not bound to show a perfect title as against all the world, as in the case of a party seeking to recover possession.

6. SAME—*what character of relief is proper.* On a bill to quiet the title of the complainant, where it is alleged that a sheriff's deed executed to the defendant is a cloud upon such title, it will be proper, the facts warranting it, to quiet the title of the complainant by setting aside the sheriff's deed, but the court should not decree a conveyance by the holder of such deed to the complainant.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

The opinion states the case.

Mr. JOHN G. ROGERS and Mr. E. A. RUCKER, for the appellant.

Messrs. WILSON & MARTIN, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The object of the bill in this case was to quiet the title to a certain tract of land in Cook county, both parties claiming

through the same source. The defendants, Weston, Davis and Hambleton, had enclosed the land, under their chain of title, in 1867, before the bill was filed and before the defendant Rucker had received the sheriff's deed, on which his claim was based, that deed bearing date January 6th, 1868.

It appears the land was sold by the sheriff of Cook county, on a judgment rendered in the Municipal Court of Chicago, in favor of one Murphy against John K. Boyer and Peter Pruyne, at the November term, 1837. The execution was dated March 22, 1838, and a levy and sale thereon to Henry L. Rucker, the certificate of which bears date July 25, 1838, the sum bid being fifty dollars, and the land being forty acres in section 20 in township 40 north, range 14 east.

H. L. Rucker assigned this certificate, it is alleged, to Joseph W. Rucker, the appellant, some seventeen years after its date, to wit: on the 5th of March, 1855. Appellant took no step to procure a deed until the 6th of January, 1868, on which day the sheriff of Cook county executed to him a deed for the premises. During all this time, from July, 1838, to January, 1868, the land had passed through several purchasers claiming under Boyer by a regular chain of conveyances, duly recorded, up to John Dooley, the husband and devisor of the appellee, Sarah, when, in 1859, he claimed to be the legal owner. On the 21st November, 1867, John Dooley sold and agreed to convey the south-half of the premises to Weston, Davis and Hambleton at a stipulated price, one-half of which they had paid. They immediately entered into the possession of the premises and enclosed them by a fence, with the consent of Dooley.

In the beginning of January, 1868, it appears that one George B. Davis had agreed with Weston, Davis and Hambleton to purchase three acres of this land, and they furnished him with an abstract of title. On the 4th day of January, Davis laid this abstract before his attorney, Edward A. Rucker, Esq., for examination. On the 6th of January, it is alleged,

380 RUCKER *v.* DOOLEY *et al.* [Sept. T.,

Opinion of the Court.

Mr. Rucker procured, in the name of his brother, Joseph W., the appellant, a sheriff's deed of the premises, and on the next day caused the deed to be recorded, and soon afterwards informed George B. Davis that on examination of the abstract he found he himself was the owner of the premises, and proposed to sell them to Davis. Upon this, the purchasers from Dooley declined to make any further payments, and this bill was filed to remove the cloud thus created by the sheriff's deed. The Superior Court of Chicago, in which this bill was filed, decreed, substantially, that this deed was a cloud upon the complainant's title, and set it aside and ordered a re-conveyance from Rucker to Dooley, decreeing that the sheriff had no lawful power or authority to execute such deed, and that the same was fraudulent and void in law.

To reverse this decision the record is brought here by appeal, and several points are made which are disposed of by considering this question: Was the sheriff warranted, after the lapse of twenty-nine years, in making the deed to appellant?

The appellant insists, that there was no time limited within which the holder of a certificate of purchase was required to take out a deed after he became entitled to it.

There is, it is admitted, no express legislation on this subject, but there are well established principles of law, quite as potential as positive legislation, in the absence of legislation upon the subject.

Secret liens, such as the certificate of purchase may justly be considered, no publicity being given to them by recording them, are not favored in law, and are not usually enforced to the overthrow of rights honestly acquired without any notice of such liens.

The analogies of the law must be considered with reference to appellant's proposition. By statute, a judgment is a lien upon land for seven years, and then only when an execution has been taken out within a year. A writ of entry is barred after the lapse of twenty years. In *McCoy* v. *Morrow*, 18 Ill.

518, this court said, that creditors have a lien in this State against the estate of their deceased debtors for the satisfaction of their debts, which they may enforce through administration even against purchasers from heirs or devisees, and there is no statute interposing any limitation of time within which the lien must be enforced. The notion that this lien is perpetual, and may be enforced at any time against the land, after alienation by the heir, is wholly inadmissible.

The policy of our law is, to afford notice through public offices and records, of liens against lands, and the law will not favor liens of which it has provided no public notice. Nor does the law favor stale demands and rights slept on, until other rights and interests have arisen and become involved, which, from lapse of time, and consequent difficulty of proof, may be jeoparded by the setting up and sustaining the former; and in support of rights and possessions long claimed and enjoyed without interruption, the law will presume grants or satisfaction of demands. After the lapse of twenty years, debts of whatever degree, are presumed to have been satisfied, and this principle will defeat a recovery on them, unless rebutted by proof. By our statute of limitations, actions for debts are barred in sixteen years, and entry upon and action for the recovery of land held adversely, under claim of right for twenty years, are barred by our law—seven years also bars entry and action when land is adversely possessed during that time, under certain circumstances. This court has held, in analogy to the law requiring an infant whose land has been sold for taxes to redeem the same within three years after becoming of age, that the infant must repudiate his deed within the same period. *Cole* v. *Pennoyer*, 14 Ill. 159, and *Blankenship* v. *Stout*, 25 ib. 132. The court concludes by saying, " In short, the policy of our law is repose and security of titles and estates against dormant claims."

This was a case where the creditors of an intestate debtor sought to subject his lands to the payment of their debts,

twenty-five years having elapsed before they filed their claims for allowance, and eighteen years after final settlement of administration. In the meantime, and nineteen years after the death of the debtor, the heir conveyed the land, by deed duly recorded, before any step had been taken by the creditors to enforce their claims.

The court found against the creditors, and established the title in the vendee of the heir. Without laying down any definite rule as to what should be a reasonable time within which such creditors should proceed to enforce their lien, the organ of the court, on that occasion, said, that, " certainty in the law so necessary to enable the citizen to know his rights of property—by analogy to the lien of judgments and the limitations of entry upon and action for the recovery of lands, requires the application to this case of the fixed period of seven years from the death of the ancestor."

Here, the vendee of the heir-at-law was protected against a secret lien of creditors, they having suffered it to become dormant by the lapse of eighteen years after final settlement of the estate by the administrator. Pursuing, in some degree, this same analogy, and for the protection of purchasers for a valuable consideration, without notice of any lien, from the judgment debtor and those claiming under him, we should be inclined to hold, after the lapse of twenty years, being the longest time of limitation known to our laws, a sheriff's deed should not be executed to the holder of a certificate of purchase, not under legal disabilities, on the application of the holder to the sheriff, nor by any rule or order of court upon him for such purpose; that such lapse of time shall be considered an insuperable bar to its execution. If the application for a deed be made after the eight years and three months have elapsed, and within twenty years, the same must be made through the proper court, by a rule upon the sheriff to show cause, and on notice to parties interested, when the record should show the existence of intermediate purchasers from the

judgment debtor, or shall otherwise appear, of the particular lot or tract of land described in the certificate.

Although the statute requires the sheriff, on presentation of the certificate of purchase by the holder thereof, to make a deed to such holder, if the land be not redeemed, it is in the spirit of this enactment that such presentation and demand for a deed shall be made within a reasonable time, and that reasonable time ought to be, and must be, considered, as the time in which the judgment is a lien, *plus* the fifteen months allowed for redemption. After that time, the deed must be sought through the court where the judgment rests and from which the execution issued, and the action of the court, on the application, must depend on the circumstances of each case.

It is not just that a purchaser from a judgment debtor of the land sold under an execution against him, who has bought in good faith, paid a valuable consideration, and having no notice, actual or constructive, of any lien, and who is in possession, should, after the lapse of years, be disturbed in his possession by setting up a lien, which the holder failed to assert in a reasonable time. After the lapse of twenty-nine years, no suggestion can prevail in favor of the execution of such deed, to the detriment of intermediate purchasers for a valuable consideration, and without notice.

As this court said in *McCoy* v. *Morrow, supra,* "There are few greater public misfortunes than insecurity of titles to real property. It paralyzes industry, and destroys that incentive to labor and enterprise which a reasonable certainty of just reward alone will create, and upon which depends the public and private prosperity."

After such a lapse of time, what is the reasonable presumption? During the whole of which, near thirty years, neither appellant, the judgment debtor, nor any other person, save the complainant in the bill and those under whom he claimed, set up any title whatever to the premises. Is it not a fair and reasonable presumption that the judgment debtor had

adjusted this purchase with Rucker, the purchaser, and neglected to take up the certificate? The sum of money to be paid was trifling, compared to the value of the property sold, and when the conduct of men of ordinary prudence and sagacity is considered, the presumption is very strong that the entire matter was adjusted with the purchaser satisfactorily to him, years before the execution of this deed. We hear nothing of this claim—it sleeps the sleep of near the third of a century, and is only asserted when *bona fide* purchasers, without notice, had taken actual possession, by making the most visible marks of ownership, entering under deeds and contracts, which, to that day, had remained unchallenged.

It is objected by appellant, that some of the deeds by which appellees connected themselves with Boyer, the common source of title, are obnoxious to objections, and cannot be used in evidence. However that may be, this much is proved and is certain, that Dooley's family were in the actual possession of the premises when appellant took out his sheriff's deed; that Dooley bought, in 1859, under a chain of recorded conveyances running directly back to Boyer, and since that time has claimed the ownership under such chain, and his actual possession under such a chain, entitles him to protection against disturbance by such a groundless title as that of the defendant. We do not understand that a plaintiff in a suit to quiet title is bound to show a perfect title as against all the world, as in the case of a party seeking to recover possession. It is immaterial to defendants who show themselves in no way connected with the property. *Craft* v. *Merrill et al.*, 14 N. Y. 456.

The court below decided correctly in quieting the title of complainant as against the sheriff's deed to appellant, but we are of opinion it should have stopped there without decreeing a re-conveyance to the complainant, and the decree will stand modified to that extent, and in other respects will be affirmed.

The costs of this court will be equally divided between the parties.

*Decree affirmed.*