# Henry E. Schrader

*v.*

# John Peach.

1. Conveyance—*under decree of court, after many years.* A conveyance of land nearly thirty years after a decree authorizing the same, without any new order of the court rendering the original decree, and to the assignee of the person to whom the conveyance was directed to be made, is unauthorized, and will not pass the legal title.

2. In such a case, the party claiming the deed should, upon proper notice to all persons in interest, apply to the court that rendered the decree for a further order for a conveyance.

3. Same—*when refused after lapse of considerable time.* Where an application is made for a conveyance, under a former decree, after the lapse of a great length of time, it will not be granted if it will impair the rights of innocent purchasers for value, or where purchasers have acquired a bar under any limitation law, or where the circumstances show it inequitable to grant the order.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was an action of ejectment, by Henry E. Schrader, against John Peach, for the recovery of a tract of land. The opinion of the court contains a sufficient statement of the facts.

Mr. Henry N. Horner, for the appellant.

Mr. James M. Dill, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

Appellant, in proving title derived from the general government, read in evidence a deed executed by a commissioner appointed by the circuit court on the 10th of April, 1841, to convey the premises in controversy from the heirs of Ninian Edwards to Cyrus Edwards; that the commissioner did not convey, on behalf of the heirs, until the 6th day of December, 1870, but a few months short of thirty years. To have shown paramount title in appellant, it was necessary that this deed should have passed the fee from the heirs of Ninian Edwards to Cyrus Edwards, or to appellant as his assignee, as a party can not recover in ejectment on an equitable title.

Did this deed made by the commissioner convey any title? Had the power of the commissioner ceased after such a lapse of time, or was it perpetual? In the case of *Rucker* v. *Dooley,* 49 Ill. 371, it was held that a sheriff could not execute a deed after the expiration of eight years and three months after a sale on an execution, from which there had been no redemption, without an application should, after that time, be

made to the court, and an order made for the conveyance; that, in analogy to the limitation laws, the presumption would be raised that there had been a redemption or a release, or the demand or claim under the purchase had been satisfied or discharged in some legal manner.

In this case, the longest period of limitation known to our statutes had elapsed, and almost ten years beyond, before the commissioner attempted to exercise the power conferred on him by the decree. As the person in whose favor the decree was rendered had rested such a length of time without taking any steps to obtain a deed from the commissioner, the law will presume that he had released to the heirs of Ninian Edwards, or his claim under the decree had in some legal manner been discharged, and had ceased; and if not, then he or those claiming under him, upon proper notice to all parties in interest, should have applied to the court that rendered the decree, for a further order for a conveyance, which would have been granted or refused, as might have been required by the evidence and all the circumstances surrounding the case. On such an application, an order for a deed would not be granted where it would impair the rights of innocent purchasers for value, or where purchasers had acquired a bar under any one of the Statutes of Limitations, or where the circumstances would render it inequitable to grant the order. The same rule that was announced in *Rucker* v. *Dooley, supra,* must apply to conveyances by masters in chancery and commissioners appointed to make conveyances. The reason is the same in both classes of cases, and the rule must be the same. This deed was, therefore, improperly made, and wrongfully admitted in evidence.

Again, the master did not follow the directions in the decree. He, without any power to do so, conveyed to a different person from that to whom he was ordered to make the deed. In this, he did not pursue the decree of the court, and acted without authority, and the deed is invalid.

These views dispose of the right of plaintiff below to re-cover in this action; and failing to establish such a right, it becomes entirely unnecessary to consider the grounds of de-fense relied upon in the court below. When appellant shall show a right of recovery, it will be the proper time to con-sider the defense offered by appellee. For aught we can see or know, appellant may never be able to establish a right to recover, and it would not, until he should, be of the slightest importance to determine whether appellee has shown a suffi-cient defense.

The judgment must be affirmed.

*Judgment affirmed.*