## ROBERT S. REYNOLDS, Adm'r
### v.
## CALVIN B. DISHON ET AL.

1.  REVIVING JUDGMENT—RIENS PER DESCENT.—The statute authorizes the plea of *riens per descent* where a recovery is sought against the heir, for the indebtedness of the ancestor; but if the lands described in the *scire facias* to revive the judgment, had not descended to the heirs, no judgment could be rendered against them, and such plea would be improper.

2.  FORECLOSURE OF MORTGAGE—PRESUMPTION OF SATISFACTION.—If the proceedings to foreclose a mortgage upon the land and subject it to sale were fatally defective, such mortgage could not, after the lapse of nearly twenty years, be interposed as an obstacle to the revival of the judgment, and subjection of the land to sale thereunder. And if such proceedings were valid, but no conveyance to the purchaser was ever executed, it will be presumed after the lapse of nearly twenty years, that the land had been redeemed from such sale.

APPEAL from the Circuit Court of Union county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. W. S. DAY, for appellant; that the law presumes redemption from the mortgage sale after the lapse of time here shown, cited Rucker v. Dooley, 49 Ill. 377; Schrader v. Peach, 77 Ill. 615.

A sheriff can only convey land by deed containing apt words of grant: Johnson v. Bantock, 38 Ill. 111; Johnson v. Baker, 38 Ill. 99; Miami Co. v. Heirs of Halley, 7 Ohio, 11.

*Scire facias* lies against the heir only to the extent of his inheritance: 8 Bac. Abr. 611.

The judgment should find the value of the lands, and if worth more than the widow's homestead, order that they be sold to satisfy the judgment: 6 Iowa, 39; 4 Halstead (N. J.), 32.

Mr. A. N. DOUGHERTY, for appellees; that the assignment of errors is of facts, and not of a judgment or decree of court, and therefore not cognizable in this court, cited Rev. Stat. 1877, 76, § 8; Beaubien v. Hamilton, 3 Scam. 213.

The judgment was in favor of the plaintiff, and he cannot

bring it into this court by appeal:    Addix v. Fahnestock et al.
15 Ill. 448.

Upon the plea interposed, the court could render no different
judgment:   Statute of Frauds and Perjuries, § 13;   Ryan v.
Jones, 15 Ill. 1.

TANNER, P. J.   The appellant sued out a *scire facias*, directed
to Josephine T. Dishon as the widow, and to the appellees as
the heirs of Henry Dishon, deceased, for the purpose of reviv-
ing a judgment in the Circuit Court of Union county.   The
widow set up a right of homestead in the premises, and the heirs
plead *riens per descent, nul tiel record* and the Statute of Lim-
itations.

The evidence shows this state of facts:   John Moreland, in
October, 1858, recovered a judgment in said court for $500, with
cost, against Henry Dishon and Calvin B. Dishon.   In 1859
Henry Dishon died without having paid said judgment.   Sub-
sequently Moreland died, and the appellant was duly appointed
administrator of his estate.   On the 30th day of November,
1853, Henry Dishon was the owner in fee of lots numbered 33
and 34, in " Grammar's Donation to Jonesboro," and on the
said day he executed and delivered a deed of mortgage for said
lots to Lorenzo P. Wilcox, to secure the payment of $1,500 in
three installments, the last to fall due in three years from that
date.   His wife joined in the mortgage and relinquished her
dower in the lots.   On the second day that Moreland obtained
his judgment, Wilcox foreclosed or attempted to foreclose his
mortgage by *scire facias*, and an execution was awarded against
the lots for the sum of $1,500.   The judgment of foreclosure
does not describe the lots, but simply directs an execution
against the " mortgaged premises."

In December following the rendition of the judgment of
foreclosure, a special execution was issued and delivered to the
sheriff, as appears by his indorsement on the 7th of December.
On the 15th of January following the execution was returned,
indorsed, " Sold on the 1st day of January, 1859, to Lorenzo
P. Wilcox, for the sum of $1,537.   I hereby return this *fi. fa.*
satisfied on this 15th day of January, 1859."

The premises were occupied by Henry Dishon at his death as a homestead, and his widow has occupied them as such ever since, and at the institution of this proceeding they were worth $2,500. Letters of administration were never sued out upon the estate of the said decedent. That in 1859 or 1860 the amount of money necessary to redeem the premises from the sale was tendered to the then sheriff of Union county, but he did not accept it.

The court upon the foregoing facts found the right of homestead to exist in behalf of Josephine T. Dishon, widow of Henry Dishon, deceased, and for the appellees on the plea of *riens per descent*, and against them upon the pleas of *nul tiel record* and the Statute of Limitations, and rendered judgment in the following words: " It is therefore adjudged and ordered by the court that the said judgment be revived against the said defendants, to be satisfied out of any property hereafter descended to them from the said ancestor."

The appellant took exceptions to the rendition of the foregoing judgment, and assigns for error,

1. The court erred in finding for the appellees on the first plea.

2. The court erred in not finding for the plaintiff on the first plea and in not finding the value of the premises and ordering that they be sold to satisfy said judgment.

The plea of *riens per descent*, we think, presented no issue in this proceeding. The Rev. Stat. 1874, Ch. 542, § 13, authorizes this plea where a recovery is sought against the heir for the indebtedness of the ancestor, and this is the use assigned to the plea in the works on pleading. If the lands described in the *scire facias* had not passed by descent to the appellees, it was a matter of no moment to them that such lands should be subjected to sale in satisfaction of the judgment against their ancestor. In such case no judgment could be rendered against them.

If the defects attending the proceeding to foreclose the Wilcox mortgage and subject the lots to sale were fatal, it seems clear that the mortgage could not at that late day be interposed as an obstacle to the revival of the judgment and the subjection

of the mortgaged premises to sale in behalf of the appellant. It also seems equally clear that if the foreclosure of the mortgage and the sale of the lots were regular and valid, but that no deed of conveyance was ever executed to the purchaser thereof after the lapse of nearly twenty years, it would be but reasonable to presume that the premises had been redeemed from such sale. This view falls within the reasoning of the court in Rucker v. Dooley, 49 Ill. 377. A revival of the judgment can only operate upon the premises described in the *scire facias*, and if the title is not in the appellees they can in no wise be affected thereby, neither could it be prejudicial to the rights of the widow of Henry Dishon. The statute affords to her a complete shield.

We are of the opinion that the appellees were the owners of the lots described in the writ in fee simple, and that the judgment obtained by John Moreland against Henry Dishon and Calvin B. Dishon should have been revived and an execution ordered for the sale of the premises described in the *scire facias*.

The judgment of the Circuit Court must therefore be reversed and the cause remanded.

Reversed and remanded.