JAMES RANN

*v.*

MARY McTIERNAN *et al.*

*Opinion filed October 19, 1900.*

1. PARTITION—*a parol partition does not vest legal title in severalty.* A parol partition of land does not vest the legal title in the parties in severalty, but to have that effect the partition must be accompanied by the execution of deeds.

2. SAME—*time within which deed should be made under partition decree.* The time within which a deed may be executed under a partition decree, declaring title to be held in trust and directing a conveyance, is the same as is provided by statute for the execution of a deed pursuant to a certificate of sale, and hence a deed made more than twenty years after the decree, and without any new order of court, is unauthorized.

3. SAME—*power of court to carry partition decree into effect.* A decree entered to confirm a parol partition, which declares the legal title to be held in trust and directs a conveyance thereof, may, in the absence of intervening rights of third parties, be carried into effect by the court at any time by decreeing the title to be in the party entitled to the conveyance.

APPEAL from the Circuit Court of Grundy county; the Hon. H. M. TRIMBLE, Judge, presiding.

C. F. HANSON, and HALEY & O'DONNELL, for appellant:

A deed should not be executed by an officer to carry into effect a judgment or decree of a court where a long time has elapsed since the entry of the judgment, and in

case of a lapse of eight years, by analogy to the limitation laws, a presumption is raised that there has been a redemption or a release. *Schrader* v. *Peach*, 77 Ill. 615.

A naked power must be strictly pursued, and a commissioner appointed by a decree in chancery, who, after the death of the parties, executes a deed, does so without authority, and the deed is void. *Welch* v. *Louis*, 31 Ill. 446.

By analogy to the Statute of Limitations, a deed should not be executed to carry into effect a judgment more than twenty years after its entry, nor should any order be entered by any court authorizing such deed after such lapse of time. Lapse of time should be considered an insuperable bar to execution of judgment. *Rucker* v. *Dooley*, 49 Ill. 377; *Harmon* v. *Larned*, 58 id. 167; *Conwell* v. *Watkins*, 71 id. 488; *Cottingham* v. *Springer*, 88 id. 90.

Where a party to a decree has rested during the longest period known to the Statute of Limitations without obtaining a deed from the commissioner, the law will presume that he had released his claim under the decree, or that it has in some legal manner been discharged. *Schrader* v. *Peach*, 77 Ill. 615; *Peterson* v. *Emmerson*, 135 id. 55.

Equity adopts, by analogy, the Statute of Limitations, and will refuse to permit a bill to review a decree in chancery after the lapse of five years. *Dolton* v. *Erb*, 53 Ill. 289; *Pestel* v. *Primm*, 109 id. 353.

In this State all remedies upon a judgment are lost and the judgment itself is absolutely barred in twenty years. *Smith* v. *Stevens*, 133 Ill. 183.

Under section 46 of chapter 22 the execution of a decree according to the terms of this section can only be completed in the manner therein directed.

A partition of land in chancery is not completed until conveyances are executed of the several allotments, and where no such conveyances are made or possession taken in pursuance of the decree, title does not vest. *Sontag* v. *Bigelow*, 142 Ill. 151; *Wadhams* v. *Gay*, 73 id. 415; *Gay* v. *Parpart*, 106 U. S. 699.

E. L. CLOVER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee Mary McTiernan, a sister and one of the heirs-at-law of Patrick Rann, deceased, filed her bill in the circuit court of Grundy county against the appellant, James Rann, and others, asking for a partition of the north-east quarter of the south-east quarter and the south-west quarter of the south-east quarter of section 16, township 31, in said county. The amended bill alleged title in the heirs of said Patrick Rann, and there was and is no dispute as to the title of the south-west quarter of the south-east quarter being in said heirs. It was alleged that the legal title of the north-east quarter of the south-east quarter was of record in appellant, James Rann, and his brothers and sisters, as heirs of Thomas Rann, deceased, but that they were not the equitable owners of the same and held the title in trust for all the heirs of Patrick Rann. The heirs of Thomas Rann by answer claimed that he was the owner of this tract in fee simple and his heirs were vested with his title; that said Thomas Rann was in the exclusive hostile possession of the same for more than twenty years; that he acquired a paramount title by seven years' possession under claim and color of title with payment of taxes; that a decree of the circuit court of Grundy county, finding that Patrick Rann was the owner of said tract and ordering said Thomas Rann to execute a deed to him of the same, was not carried into effect for more than twenty years after its entry, and that a deed executed by a special master in chancery in pursuance of said decree was void. On a hearing the court found and decreed that the title of record to the tract in dispute was in said heirs of Thomas Rann, but that they held such title in trust for all the heirs of said Patrick Rann, and partition was ordered accordingly. The court found that the interests of all the defendants

were subject to a certain mortgage, and the parties have stipulated that the decree was erroneous in that respect but that the error assigned need not be passed upon, which assignment is withdrawn, and that said error shall be corrected in a future decree of the circuit court.

Patrick Rann had two brothers, James and Thomas, and they owned various tracts of land in Grundy county, the title of which was held by other persons in trust for them. A parol partition of these lands was made among the three brothers, and the eighty acres partitioned in this suit was set off to Patrick but the legal title was in John Weir. Patrick was never married. His brother Thomas married and lived upon a tract of land allotted to him in the parol partition. Patrick lived with Thomas and his family until about 1869, when Patrick disappeared and was gone about seven years, during which time his whereabouts were unknown. During this period the brothers James and Thomas procured conveyances from said John Weir of Patrick's land, each taking forty acres. James obtained a deed of the south-west quarter of the south-east quarter, adjacent to his land, and Thomas of the north-east quarter of the south-east quarter, adjoining his land. Patrick returned about 1876 and filed his bill in the circuit court of Grundy county to confirm the parol partition and obtain conveyances of his land, and for other purposes. During Patrick's absence James had died, leaving a widow and minor children. Thomas and said widow and heirs of James were made defendants. Thomas entered his appearance and made no defense, and was defaulted. The widow and heirs of James answered. The cause was heard, and the court confirmed the partition and found that the heirs of James held the tract conveyed to him by John Weir in trust for Patrick Rann, and ordered a conveyance to him of the same, which was made. The court also decreed that Patrick was the owner of the tract conveyed to Thomas by John Weir and now in dispute, and ordered Thomas to make,

execute and deliver to Patrick a deed of conveyance of said tract, and in default thereof a commissioner was appointed to make the same. This decree was entered December 21, 1878. Thomas did not make the conveyance and none was made by the commissioner until December 23, 1899, when a deed was made to the heirs of Patrick.

A parol partition of land does not vest the legal title in the parties in severalty, and so far as the legal title is concerned such a partition is not effectual but must be accompanied by a deed. (*Sontag* v. *Bigelow*, 142 Ill. 143.) Furthermore, at the time of the parol partition the legal title to the portion set off to Patrick was in John Weir. The decree did not purport to vest legal titles but provided for conveyances thereof, and it is contended that the deed executed in 1899, in pursuance of said decree, is void because more than twenty years had elapsed since the entry of the decree, so that the legal title never passed to Patrick or his heirs.

It has been held that a deed should not be executed by an officer to carry into effect a decree, without further order of the court, where a long time has elapsed since the entry of the decree. In *Schrader* v. *Peach*, 77 Ill. 615, it was said that a conveyance of land nearly thirty years after the decree ordering it, without a new order, would not pass the legal title. It was held that in such case the presumption would be that the person in whose favor the decree was rendered had released his claim, but if he had not, he should, upon proper notice to all parties, have applied for a further order of conveyance, and an order would not be granted where it would impair the rights of innocent purchasers for value or the bar of the Statute of Limitations had arisen. In *Rucker* v. *Dooley*, 49 Ill. 377, a deed was executed by a sheriff twenty-nine years after a sale on execution. The title and possession had passed to remote and innocent purchasers for a valuable consideration. It was held that the sheriff was not warranted in making the deed to the detriment of inno-

cent purchasers. It was said to be a fair and reasonable presumption that the debtor had adjusted the purchase with the purchaser and had neglected to take up the certificate. In *Harmon* v. *Larned*, 58 Ill. 167, a deed was executed by the sheriff without notice nine years after a sale, and it was held to be unauthorized. In *Cottingham* v. *Springer*, 88 Ill. 90, a sheriff's deed made more than eight years and three months after the judgment became a lien, and without an order of court, was held not to be void against the heirs of the judgment debtor, who took as mere volunteers. The case was distinguished from *Rucker's case*, where innocent purchasers were claiming against the sheriff's deed and where the decision was based on the injustice to such purchasers.

The time within which a deed may be made pursuant to a certificate of sale is now regulated by statute, but the reason for adopting the rule applies also to a decree such as the one between these parties, and the rule must be the same. (*Schrader* v. *Peach, supra.*) The deed by a special commissioner to the heirs of Patrick without a new order of the court was unauthorized, but whether it was sufficient to convey a legal title is not material. The decree declared the rights of the parties and found Patrick to be the owner of the forty acres in dispute. It was declared that the title was held in trust for him, and no rights or interests of parties intervened. The cases recognize the right of the court to carry into effect such a decree at any time, and if it was not properly done by the commissioner it could be done in this case by decreeing the title to be in Patrick.

The defendants entirely failed in their claims under the statutes of limitation. After the decree Patrick lived with his brother Thomas, and all of the land owned by the two was farmed by them together. Thomas did not have any adverse possession of the tract. The grain raised on all the land was sold and the expenses and taxes were paid out of the common fund. No account

was kept. Thomas died in 1882 and Patrick took charge of all the lands. Thomas left a widow and a family of small children. The widow conducted the house and Patrick did all the business and bought the provisions for the family. In 1889 the widow of Thomas died, and after that the girls did the work in the house and Patrick raised and sold the crops. As the children became old enough they took charge, and Patrick finally becoming old and infirm, dropped out of the field work and did the chores about the house. After the death of the widow Patrick was appointed guardian of the minor children, and in making an inventory he did not include the forty acres. The tract was not included in the description of Thomas' property, in the application for letters of administration or in the inventory of his estate. The evidence shows that Patrick desired that the whole of this land, both the forty acres of which he had a deed and the forty in dispute, should go, after his death, to the children of Thomas. This intention of making a will or giving the property to said children was never executed. He regarded himself as the owner of the land, and at the time of expressing his intention said he had the title of one forty and had another forty that was in court that was in the name of Thomas. There was some evidence that he thought the tract in question would go, after his death, to the children of Thomas, but what he intended in that respect was a testamentary disposition of his property, and what he did and said was insufficient for that purpose. Whatever his intention was, he never carried it out. The ownership of the land was adjudicated between the parties by the decree, and the title which was then adjudged to Patrick was never lost or conveyed by him.

The decree of the circuit court is affirmed.

*Decree affirmed.*