WILLIAM R. BONNER

*v.*

THE ILLINOIS LAND AND LOAN COMPANY *et al.*

*Filed at Ottawa November 17, 1880.*

1. PARTIES—*assignee of the subject matter of the suit.* The rule in equity that where the party, who has assigned the whole or a part of his interest in the subject matter of the suit, attempts to take any active proceeding therein, the adverse party may object to such proceeding on the ground that the suit has become abated or defective as to such assignor, so that the same can not be proceeded in until the assignee. is made a party, applies to cases where an assignee comes in *pendente lite,* and not where a decree or judgment for the payment of money only has been assigned, in which the rights of all the parties are determined and fixed, and all that remains is for the court to carry out or enforce the execution of the decree or judgment.

2. Where a decree for the payment of a sum of money, among other things, was, on appeal to this court, affirmed, except that such sum should have been decreed a lien on the land set off to the complainant on partition, and in case of its non-payment within a reasonable time to be fixed by the court, the land should have been ordered to be sold for its payment, after which the party in whose favor the money decree was made, assigned the decree, it was *held,* that such assignment presented no reason for not entering the proper decree on the remandment of the cause, as directed by this court, and that it was not necessary to first make the assignee a party, and that a payment of the money into court, as the decree required, would be a full protection to the party paying.

3. CHANCERY—*referring cause to take account of rents after a final decree.* After the affirmance of a decree in this court for the payment of a sum of money, except as to the making the same a lien, etc., and the remandment of the cause for that purpose, the party required to pay the same moved the circuit court to refer the cause to the master to take and report proofs as to rents received by the other party since the decree of that court, on the land set off

to the complainant on partition in the case, which motion was denied : *Held*, that the motion was properly denied, as, if it had been allowed, the subsequent decree might have been the subject of a further appeal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county, the Hon. MURRAY F. TULEY, Judge, presiding.

This was a suit for partition, brought by William R. Bonner, in the circuit court of Cook county. A final decree in the case, as to the rights of all the parties, was entered in that court December 31, 1876, whereby the specific interest of Bonner in the premises sought to be partitioned, was set off to him, and he was decreed to pay to his co-tenant, the Illinois Land and Loan Company, the sum of $6506.25, as the just proportion which his part of the land should bear of a certain mortgage indebtedness upon the premises, which said company had paid off and discharged.

On appeal to this court the decree was affirmed, except in the two following respects: That the sum above named should have been decreed a lien, on the land set off to Bonner, and in case of its non-payment within a reasonable time fixed by the court, the land should have ·been ordered to be sold for the payment thereof, and that, as it appeared there had been some taxes and assessments paid by the co-tenant on the premises, Bonner should have been required to pay his proper proportion of them. In the last two respects only, the decree was reversed, and the cause remanded for further proceedings in conformity with the opinion.

After the remandment of the cause to the circuit court, the Illinois Land and Loan Company appeared there by its solicitor and waived all benefit of the right to require Bonner to pay his proportion of the taxes and assessments, and moved the court for an order of sale in conformity with the decision of this court.

The solicitors of Bonner thereupon objecting, offered in evidence an assignment in writing from the Illinois Land

and Loan Company to one Caleb Clapp, of the decree for the aforesaid sum of money, bearing date March 12, 1877, and filed among the papers in the case on March 21, 1877, and also the papers in a suit in chancery, pending in that court, brought by one Georgie Peterson against said company, Caleb Clapp and Bonner, wherein she sets up a claim of right in herself to said sum of money as against all said parties.

The solicitors of Bonner offered further to show that the company and its grantee had been in possession of the premises since the decree allotting to Bonner his share, and had received $600, at least, as rent, no part of which it had accounted for, and asked the court to refer it to the master to ascertain the true amount, and to have the case set for hearing, as to taxes, assessments and rents, all which was refused. And the court ordered that said sum of $6506.25, with interest amounting to $7711, be a lien on Bonner's share; that Bonner pay the same into court within thirty days, such payment, when made, to be a full discharge of said decree as against Bonner and the premises upon which said sum is made a lien; that in default of payment the premises be sold to make said sum, and that the sum realized after payment of costs, be paid into court. Further questions reserved.

On appeal to the Appellate Court for the First District, the decree was affirmed, and Bonner appeals to this court.

Messrs. PAGE & PLUM, for the appellant:

Upon the assignment by the company to Caleb Clapp of the decree in its favor, and placing it on file, the proceeding became abated or defective, so that no further action could be taken in the case until the assignee should be brought into court as a party, or a new bill filed. Story's Eq. Pl. secs. 3422 (and note,) 346, 349, 351; 2 Daniel Ch. Pl. (4th Am. ed) 1518, note 5; *Gow* v. *Gomez,* 9 Wend. 649; *Sedgwick* v. *Cleveland,* 1 Paige, 287; *Mason* v. *York and C. R. R. Co.* 52 Me. 82;

*Van Hook* v. *Throckmorton,* 8 Paige, 33; *Webster* v. *Hitch-
cock,* 11 Mich. 58; *Lunt* v. *Stephens,* 75 Ill. 514; Mitf. Eq.
Pl. 64, 65.

Mr. GEORGE SCOVILLE, for the Illinois Land and Loan
Company:

All the authorities cited by counsel for the appellant
under the first assignment, apply to cases where an assignee
comes in *pendente lite,* and not where a decree or judgment
for the payment of money only is assigned, in which the
rights of all the parties are determined and fixed, and all that
remains is for the court to carry out and enforce execution of
the decree or judgment by collection of the money.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is contended that upon the assignment by said company
to Caleb Clapp of the decree for $6506.25, the proceeding
became defective or abated, so that no further action could
be had in the case until Clapp, the assignee, should be
brought into court as a party, or a new bill filed.  And
authorities are cited to the effect that when the party who
has assigned the whole or a part of his interest in the subject
matter of the suit attempts to take any active proceeding
therein, the adverse party may object to such proceeding on
the ground that the suit has become abated or defective as
to such assignor, so that the same can not be proceeded in
until the assignee is made a party.  Story's Eq. Pl. note to
sec. 342, etc.

These authorities, we understand, apply to cases where an
assignee comes in *pendente lite,* and not where a decree or
judgment for the payment of money only, is assigned, in
which the rights of all the parties are determined and fixed,
and all that remains is for the court to carry out or enforce
the execution of the decree or judgment by collection of the
money.

It is indifferent to Bonner which one may be entitled to the money, Clapp, Peterson, or the Illinois Land and Loan Company. The payment of the. money into court, as the decree provides for, will be full protection to him.

All further questions are reserved by the decree, and who may be entitled to the money paid into court will be open to future ascertainment before the money shall be paid out of court, either .on application there, under this proceeding, or in the suit which is now pending to determine the rights of the respective claimants.

We do not think appellant is right in his claim that the circuit court should have ordered a reference to the master to take proofs and report as to rents received since the decree of that court finding and establishing the rights of the parties. Had that been done, the finding of the master and the decree thereon might have been made the subject of a further appeal.

And so, if appellant be right in his position on this point, it might be difficult to get a final decree in a case of this kind, since there might always be some question of taxes or rents subsequent to the entering of the decree and before sale.

The waiving by the Illinois Land and Loan Company of its right to require Bonner to pay his proportion of the taxes and assessments can be no cause of complaint on the part of Bonner, and when that waiver was made, the circuit court, under the remanding order of this court, had but to go on and decree, as it did, in respect to the $6506.25.

We find no error in the proceedings of the circuit court, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*