## HENRY HARMS

### *v.*

### CHARLES F. JACOBS *et al.*

*Filed at Ottawa March 28, 1896.*

1. APPEALS AND ERRORS—*when defendant cannot complain of decree.* A defendant in partition cannot complain of a decree finding that a tax title to an undivided share of the land rested upon his share, where the decree also adjudges that such tax deed is invalid as to him and his share.

2. SAME—*when error cannot be considered on appeal.* Error in requiring the payment of solicitor's fees as a condition of filing an amended answer, cannot be considered where the certificate of evidence fails to show any request for leave to file an answer or any ruling upon the question, although an order granting leave upon such condition is copied into the transcript by the clerk.

3. PLEADING—*defendant need not answer amended bill not affecting him.* A defendant need not be required to answer an amended bill, where the amendment does not affect him, but relates only to another defendant and his interest in the litigation.

4. SAME—*answer in partition—effect of long delay in setting up rights.* A defendant in partition will not be allowed to file a new answer claiming to be the owner of the entire premises in question, where he has answered claiming only an undivided half and not denying ownership of the other half by the plaintiff, and for two years, without reasonable excuse, has failed to set up his title to the whole.

5. SAME—*when bill for partition need not be amended to show defects in tax titles.* A bill for partition need not be amended to set up defects in tax titles relied upon by defendant, where, by the latter's answer, it appears that the land to which they relate is not that involved in the suit.

6. PARTITION—*when personal representatives of party deceased need not be brought in.* The personal representatives of a party to a partition suit, who is alleged to have died before the bill was filed, need not be brought in before a hearing, where it nowhere appears in the record that he had any title or interest in the land involved.

7. SAME—*when tax deed is no defense in partition.* Tax deeds conveying different property from that sought to be partitioned can constitute no defense to a suit for partition.

8. SAME—*proof of payment of the tax defeats tax title.* The court, in partition, properly holds a tax title invalid as to complainant's share, where the proof shows that the taxes upon such share for the year to which such titles relate were paid.

9. PARTIES—*one acquiring interest during pendency of suit not a nec-essary party.* A party acquiring title to a portion of land sought to be partitioned during pendency of the suit need not be made a party by the complainant.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

This was a bill for partition, brought on the fourth day of August, 1892, by Charles F. Jacobs, against Frederick Schroeder, Henry Harms, Asahel Gage, John Gage, Katherine O'Brien and others. It was alleged in the bill that petitioner and Frederick Schroeder are seized in fee, each of an undivided half, as tenants in common, of lot 20, in William Lill's subdivision of the north-east quarter of section 28, township 41, north, range 13, being identical with the north half of the north-east quarter of the north-east quarter of said section, and also with lot 1 in the county clerk's division of said section, except the owner's subdivision, etc.; that petitioner and Schroeder, through *mesne* conveyances, derived title to said premises through William Lill, who, through *mesne* conveyances, derived title from the government of the United States, so that they constitute a complete and perfect chain of title from the government to petitioner and Schroeder.

Several of the defendants defaulted, but on the 31st day of October, 1892, Henry and Louise Harms and Frederick Schroeder filed their joint and several answer, substantially as follows: Frederick Schroeder, for answer on his behalf, says that he has conveyed all his right, title and interest in and to the property described in the bill of complaint, and disclaims all interest in said property and in the result of said suit. The said Henry Harms and Louise Harms, on their behalf, say that the said Henry Harms is the owner of an undivided half of said property in said bill described, and that he is, and always has been, willing that partition should be made of said premises according to law. These defendants,

further answering, say that it may be true that the said
Charles F. Jacobs is the owner of the other half of said
real estate, as in said bill alleged, but these defendants
call upon said complainant for strict proof in reference
to said ownership.   They deny that complainant is enti-
tled to an allowance for solicitor's fees, because they have
been compelled to employ their own solicitor to defend
said cause.   They deny that complainant is entitled to
the relief prayed in his bill, and ask to be dismissed, with
their costs.   To this answer petitioner at once filed a gen-
eral replication.

On the 9th day of November, 1892, Asahel Gage filed
a plea to the bill, in which he set up that on August 28,
1882, the undivided half of the land in controversy was
sold, for the non-payment of State and county taxes for
the year 1881, to himself; that a certificate issued to him,
and afterward, on March 2, 1885, a tax deed was issued
thereon to him, which was recorded in the recorder's
office of Cook county; that he is still the owner and
holder of the tax deed and of the title to said lot, all of
which appears of public record in Cook county and is
well known to the complainant, and he pleads the matter
aforesaid in bar to the bill of complaint.

Upon the filing of the above plea, complainant, by
leave of the court, amended his bill as to Asahel Gage
only, by setting out Gage's claim under said tax deed,
denying its validity, showing its defects, asking to have it
set aside as a cloud upon his title, and offering to refund
the amount for which the lot was sold, and all subsequent
taxes, costs and interest thereon.

To the amended bill, on January 24, 1893, Gage inter-
posed three pleas in bar, in which he set up three tax
titles on the lot: the first on a sale for taxes September
3, 1873, to Henry H. Gage, upon which a deed was issued
to Asahel Gage July 31, 1876; the second, on a sale August
31, 1877, and deed issued July 26, 1880; the third, on a sale
August 31, 1877, and deed issued and recorded July 15,

1880. These pleas were set down for argument, and upon argument they were held insufficient, and overruled, and judgment entered upon them against Asahel Gage. The defendant Gage was then ruled to answer the amended bill in twenty days. On the 9th day of March, 1893, he put in an answer, in which he denied each and every allegation of the amended bill which set up the invalidity of the tax sale of 1882 for the taxes of 1881. He then set up as a defense the three tax deeds which had been set up in his three pleas and condemned by the court on the argument on the pleas. To the answer complainant filed a replication.

On January 17, 1894, the death of Asahel Gage was suggested by his solicitor, and on January 30, 1894, an order was entered that Helen S. Gage and John S. Gage, executors of the last will of Asahel Gage, Helen S. Gage, widow, John S. Gage, his son, Asahel W. Gage, a minor, his son, and Victor R. Gage, a minor, his son, heirs, devisees and next of kin of Asahel Gage, be made parties defendant and brought into court.

On April 6, 1894, a joint and several answer of defendants Helen S. and John S. Gage was filed, reciting that Helen S. Gage is the widow of Asahel Gage, and John S. Gage is a son and one of the heirs of said Gage; that Gage departed this life December 29, 1893, testate; that before the death of Gage he made, executed and delivered, for a valuable consideration, a deed of conveyance to the land described in the bill, by which he conveyed the title to Edward J. Harms, and that since said date Gage has not had any right, title or interest to said real estate, and that he did not have any right, title or interest in said real estate at the time of his death; that these defendants have not now, and never had, any right, title or interest in said real estate; that they are not interested in the land and real estate mentioned in said bill of complaint, or in the subject matter of said bill or in the result of said lawsuit, but expressly disclaim every

interest in and to said real estate or the subject matter of said lawsuit or the result thereof, and pray to be dismissed, with their costs and charges.

On the hearing on the pleadings and evidence the court found in favor of the complainant in the bill. Commissioners were appointed and the land was divided, the west nine and one-half acres being set off to the complainant and the east ten and one-half acres to Henry Harms.

AUGUSTUS N. GAGE, for plaintiff in error and for defendants Helen S. Gage and Edward J. Harms.

ALBION CATE, for defendant in error Charles F. Jacobs.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

As has been seen, on November 9, 1892, Asahel Gage filed a plea, in which he set up and relied upon a tax title under a sale of the undivided half of the lot in 1882 for the taxes of 1881. Upon the filing of this plea the complainant, Jacobs, by leave of the court, amended his bill, setting up facts to impeach the tax title, but plaintiff in error, Henry Harms, was not ruled to answer the amended bill, and never, in fact, answered it, and it is claimed in the argument that the court erred in rendering a decree without first requiring an answer from Harms. As a general rule, where a complainant amends his bill the defendant in the cause should answer the amended bill, or a rule should be laid upon him to answer before the court proceeds to a hearing of the cause. This is the rule announced in *Gage* v. *Brown,* 125 Ill. 522, and nothing more. But the rule has no application to the facts of this case. Here there were a number of defendants. Gage was relying on a tax title, but the defendant Harms had no interest whatever in the tax title, and did not rely upon it as a defense or otherwise. The amendment of the bill related to Gage and his interest in the litiga-

tion, and to nothing else. He was ruled to answer the amended bill because the amendment affected him alone. Harms was at liberty to answer the amended bill if he saw proper, but as he was in no manner affected by the amendment no reason existed for an answer from him and none was put in. He was in no manner injured by not being ruled to answer the amended bill, and we perceive no ground upon which he can claim that the court erred in proceeding to a hearing without his answer.

But it is said the decree finds that the tax title under sale of 1882 did not rest upon complainant's (Jacobs) part of the land, but that it was a charge and lien on the undivided half of the lot owned by plaintiff in error, Harms. This is a misapprehension of the decree. That part of the decree bearing on the sale of 1882 is as follows: "That the said tax deed from the county clerk of Cook county, dated on or about March 2, 1885, to said Asahel Gage, which is recorded in book 1560, at page 471, is invalid, null and void; that it was issued on a sale August 28, 1882, for the non-payment of the State and county taxes for the year 1881, on said Henry Harms' undivided half of said premises, and not on said Jacobs' half; that all the taxes on said Jacobs' half of said premises for the year 1881 were duly paid before said tax sale, and that said sale and said deed were of said Harms' undivided half, and not of said Jacobs' undivided half of said premises; that as to said Harms and his undivided half of said premises said tax deed is also invalid, null and void, and a cloud upon his title." Under the finding of the court that the tax title was null and void as to plaintiff in error, we fail to see how he can complain of the decree.

It is also claimed the court erred in refusing the application of Harms to answer on the 26th day of April, 1894, except upon condition that he should pay complainant's solicitor $150. The hearing on this case commenced on the first day of May, 1894. The certificate of evidence

fails to show that Harms, at any time before the hearing, asked leave to file an answer, and that the court denied the leave or granted it on terms; nor is there any ruling of the court on that question incorporated in the certificate of evidence. There is therefore nothing on this branch of the case in the record proper upon which an objection can be predicated.

The clerk of the court has copied into the transcript the following order entered on the 26th day of April, 1894: "On motion of solicitor of Henry Harms it is ordered that leave be granted said Henry Harms to file an amended answer to the complainant's bill of complaint, on condition that said Harms pay to complainant's solicitor * * * $150 before filing said amended answer." Should it be conceded that this order is properly before us for consideration? So far as appears, this order was entered upon the request of Harms, and having been made at his request he cannot complain. In granting leave to amend pleadings, courts may impose reasonable terms; but we are aware of no authority which would sanction an order allowing an amended answer to be filed only upon condition of payment of solicitor's fees. But that question is not presented by this record.

The decree was entered on the second day of May, 1894. The commissioners' report dividing the land was filed and approved May 7. On the 19th day of May Harms entered his motion to vacate the decree and for leave to answer. This motion the court overruled, and the ruling is relied upon as error. The motion, and the ruling of the court thereon, were incorporated in the certificate of evidence, and hence the decision of the court on the motion is properly before us for decision. The defendent presented with his motion an answer which he proposed to file. In this answer he claims to be the owner of the entire lot, and undertakes or proposes to set up a defense entirely new. As has been seen, the bill in this case was filed on the fourth day of May, 1892.

On the 31st of the following October the defendant Henry Harms answered the bill, in which he only claimed an undivided half of the lot. As to the other undivided half he set up no claim or title whatever, nor did he deny that complainant owned the other undivided half. The cause dragged along in court for a period of two years, Harms making no effort to amend his answer or set up a new defense before it was called for trial. During a period of two years Harms was at liberty to set up any defense he chose, and prepare for trial. The time and opportunity seem to have been ample. Having failed to do so, without any reasonable excuse, can he, after a trial and decree, come in and set aside what has been done and be allowed to set up a new defense? The answer to this is obvious. In *Allen* v. *Smith*, 72 Ill. 331, where a bill in equity was filed to obtain a new trial in an action at law, it was held that courts of equity never grant relief when the complainant has been guilty of *laches* in defending the suit at law. In order to obtain relief he must use all reasonable efforts to prepare and make his defense at law, and must be prevented by accident, mistake or fraud. (See, also, *Fuller* v. *Little*, 69 Ill. 229.) Here the negligence of Harms was inexcusable, and we perceive no ground why a rehearing should have been granted.

It is also claimed that the court erred in proceeding to a hearing without bringing in the personal representatives of John Gage and having their title adjudicated. It seems that John Gage, with others, was originally made a party to the bill under an allegation that he claimed some interest in the premises. Asahel Gage set up in his answer that John Gage died before the bill was filed. It nowhere appears in the record that John Gage had any title or interest in the land involved, and if he had no interest, neither he nor his heirs were necessary parties.

Asahel Gage was made a party to the bill, and it is claimed that the court erred in holding invalid three cer-

tain tax deeds which it was claimed were on the land in controversy. As has been seen, on the 24th day of January, 1893, Asahel Gage interposed to the amended bill three pleas in bar, setting up three tax deeds, which may be designated Nos. 2, 3 and 4. These three pleas were set down for argument, and upon being heard the court entered judgment on the pleas against the defendant Asahel Gage. These tax deeds conveyed "the undivided half of lot 20 in the west half of the north-east quarter of the north-east quarter of section 28, in township 41, north, range 13, east of the third principal meridian, situated in Cook county, Illinois," which is not the property in controversy, and hence the court held that the three tax titles set up in the pleas were no bar to complainant's bill. Subsequently Gage answered the complainant's bill, and set up in his answer these three tax titles, but on the hearing the court held that the tax sales and titles thereunder presented no defense, and decreed accordingly. So far as appears, the decree was fully warranted by the facts before the court. As the three tax titles were not on the land involved they could form no defense whatever to the case made by the complainant.

Complaint is made because the court proceeded to adjudicate as to the three tax titles without requiring the complainant to amend his bill and point out the defects relied upon to defeat them. In the pleas filed by Gage, and also in his answer, in which he sets up these tax titles, it clearly appears that the land sold, and upon which he obtained deeds, was not the land involved in this case. As the defect which defeated the tax titles fully appeared in the answer of Gage, there was no necessity for an amendment to the bill pointing out defects which already appeared from the answer and also from the pleas.

As respects the tax title derived from a sale of 1882 for the taxes of 1881, set up in Gage's answer, but little need be said. At the tax sale the undivided half of lot 1

was sold, but whether the land sold was the undivided half which was claimed by the complainant, Jacobs, or the other undivided half which belonged to Harms, did not appear from the tax deed held by Gage. But on the hearing the complainant proved that the taxes for the year 1881 on the undivided half owned by him were paid, and as the taxes were paid the court held that the sale and deed, so far as complainant's land was concerned, were invalid. We perceive no error in this finding of the court. If the taxes on the undivided half of the lot owned by Jacobs were paid the land was not subject to sale, and, so far as Jacobs was concerned, the court properly set the sale aside. It will be seen by the decree that the court also held the sale invalid as to the undivided half of the lot held by Harms, but if the court erred in this regard it is an error in favor of Harms, of which he cannot complain, nor of the action of the court in that regard.

It is also claimed that the court erred in proceeding to a hearing on the cause without first making Edward J. Harms a party. It seems that some time after Asahel Gage had answered the bill he died testate, devising all of his property to his widow, Helen S. Gage. His death was suggested, and his widow and devisee made a party to the bill. She put in an answer, in which she disclosed the fact that Gage, before his death, had conveyed all his interest in the property to Edward J. Harms. She therefore disclaimed all interest in the subject matter of the litigation. After Edward J. Harms acquired a deed, if he had disclosed that fact to the court in some appropriate manner and asked to be made a party, it would have been proper for the court to have granted his request; but the complainant was under no obligation to make him a party. Under a familiar rule of law, Edward J. Harms, who acquired the title of Gage pending the suit, took it subject to whatever decree the court might ultimately render in the case. *Dickson* v. *Todd,* 43 Ill. 505.

As to the evidence introduced on the trial, it will not be necessary to refer to it here. It is sufficient to say that the evidence was ample to sustain the decree.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*