JACOB GLOS *et al.*

*v.*

MARY J. ADAMS.

*Opinion filed October 26, 1903.*

1. CLOUD ON TITLE—*complainant must prove title in himself.* Title in the complainant must be proved in order to authorize a decree setting aside a tax deed as a cloud.

2. SAME—*what does not prove title.* A deed to the south five acres of the east half of a certain block does not prove title to the east half of such block, where there is nothing to show that said east half did not contain more than five acres.

3. SAME—*tax deed should not be set aside except as to property described.* In setting aside a tax deed as a cloud the deed should not be canceled except as to the premises described in the bill as owned by complainant.

4. SAME—*in absence of tender, complainant should pay costs.* In absence of a tender of taxes, interest and costs prior to the filing of a bill to set aside a tax deed as a cloud, the complainant should be required to pay the costs.

APPEAL from the Circuit Court of DuPage county; the Hon. GEORGE W. BROWN, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for appellant Emma J. Glos.

J. F. SNYDER, and JAMES EWING DAVIS, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed by the appellee in the circuit court of DuPage county, against the appellants, to set aside and cancel a tax deed as a cloud upon the title to the east half of block 22 of Stough's second addition to the town of Hinsdale, DuPage county, Illinois. The bill alleged that the appellee was the owner of the premises in fee simple; that the same were vacant and unoccupied; that a certain tax deed dated March 22, 1894, issued to Jacob Glos on said premises and recorded in said county, was void; that the appellee was ready and willing to pay to him the amount for which said premises sold at tax sale, together with interest, subsequent taxes and costs, and prayed that said tax deed be set aside and canceled as a cloud upon her title to said premises. The defendants filed their several answers denying the allegations of the bill, and replications thereto having been filed, a trial was had, the evidence being taken in open court, and a decree entered finding all the material allegations of the bill to be true, and the said tax deed was set aside and ordered canceled, and an appeal has been prosecuted to this court to reverse said decree.

To show title to said premises in herself the appellee introduced in evidence a quit-claim deed to her, bearing date January 13, 1876, from Cornelius R. Field and wife, which was filed for record and recorded in the recorder's office of DuPage county January 17, 1876, to the south five acres of the east half of said block 22, and said deed

was all the paper title to said premises introduced in evidence to show title in appellee. In order to obtain a decree setting aside and removing said tax deed as a cloud upon the title to said premises it was necessary that appellee show title in herself. (*Rucker* v. *Dooley,* 49 Ill. 377; *Walker* v. *Converse,* 148 id. 622; *Glos* v. *Goodrich,* 175 id. 20.) She averred she was the owner of the east half of said block. To prove that fact she introduced in evidence a deed to the south five acres of the east half of said block, but failed to make proof, by the introduction of a plat or otherwise, of the number of acres contained in the east half of said block. From aught that appears from this record the east half of said block contained more than five acres, and as it does not appear that the deed offered in evidence covered all of the east half of said block, we think it was error to set aside and cancel said tax deed upon the entire east half of the block.

It further appears that the tax deed sought to be set aside and canceled included other lands than the premises claimed by appellee. In the decree the court set aside said deed and ordered that it be delivered up by Glos and canceled by the clerk of the circuit court. This was error. The deed should not have been set aside and canceled except as to the premises described in the bill. *Gage* v. *Curtis,* 122 Ill. 520.

The court also erred in not decreeing the defendants their costs and awarding them execution therefor, as no tender of the amount due them for taxes, interest and costs had been made prior to the time the bill was filed. *Glos* v. *Woodard,* 202 Ill. 480.

The decree of the circuit court is reversed and the cause remanded.                    *Reversed and remanded.*