## JACOB GLOS

### v.

## JULIA BLANCHE HANFORD et al.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. TAX SALES—*clerk's certificate should be made on day advertised for sale.* Under section 194 of the Revenue act the county clerk's certificate to the delinquent tax list should be made on the day advertised for the sale, and if made on the day the judgment was rendered the sale is void for want of proper process.

2. SAME—*when certificate of publication is defective.* A certificate of publication attached to a delinquent tax list is defective which fails to certify the relation of the person making the certificate to the newspaper in which the list was published.

3. SAME—*delinquent list should show filing in office of clerk of county court.* The file-mark on a delinquent tax list should show that the list was filed in the office of the clerk of the county court, and not in the office of the county clerk.

4. PLEADING—*answering over waives alleged error in overruling demurrer.* Answering a bill to the merits waives defendant's right to assign as error the previous overruling of his demurrer.

5. LIS PENDENS—*purchaser pendente lite takes subject to decree.* A purchaser from the holder of a tax deed after the filing of a bill to cancel the deed as a cloud and after the service of summons takes subject to whatever decree the court may ultimately render, and the complainant is not obliged to make her a party.

6. JUDGMENTS AND DECREES—*what a proper order as to refunding interest and costs.* Where the holder of a tax title conveys the premises after the filing of a bill to cancel the tax deed and after service of summons, it is proper, upon decreeing cancellation of the deed, to order the amount found due for interest and costs to be deposited with the clerk for the use of the defendant and his grantee, as their interests may thereafter be determined.

7. SAME—*when decree should not direct tax deed to be delivered up and canceled.* If the tax deed sought to be set aside describes other lands besides those of the complainant, the decree should not direct the deed to be canceled except in so far as it relates to the property of the complainant; but error in this respect may be corrected by modification of the decree in the Supreme Court without reversal.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This is a bill, filed in the circuit court of Cook county on May 19, 1902, by the appellees to set aside three tax deeds held by the appellant, Jacob Glos, and claimed to be clouds upon the title of appellees to lots 1 and 2 in block 1 in Walter S. Dray's addition to Park Manor in Cook county. One deed, known as No. 4529K, was issued upon a sale for delinquent general taxes for the year 1895; the second deed, known as No. 4881K, was issued upon sale for delinquent special assessment warrant No. 19,582; and the third deed, known as 4883K, was issued upon sale for delinquent special assessment warrant No. 20,601. All three sales were made at the general sale for taxes in Cook county in 1896, and the sale of the year 1896 for delinquent taxes and special assessments was advertised in the delinquent list for that year to commence on August 10, 1896. Judgments were rendered against the property in controversy on July 15, 1896, for delinquent general taxes for the year 1895, and for delinquent special assessment warrants Nos. 19,582 and 20,601.

The bill sets out the proceedings in full, upon which the tax deeds were issued, and the same were received in evidence without objection upon the ground of variance. The bill alleges "that by reason of the many uncertainties, insufficiencies and irregularities in said proceedings, affidavits and notices above set forth, and for want of proper proceedings, affidavits and notices, and for want of compliance with the statute in such case made and provided, said deeds conveyed no title whatsoever to said defendant Jacob Glos;" and that said deeds, for want of compliance with the statute, were null and void. The bill also alleged "that no notice of such purchases or either or any of them, written or printed, or partly written and partly printed, stating when the pretended purchaser of the premises at such tax sales as aforesaid, purchased the lands or lots, or in whose name the said

premises, lands or lots were taxed or assessed, or the description of the lands or lots purchased, or of the premises of your orators, or for what year said premises, lands or lots were taxed or assessed, or when the time of redemption would expire, was served upon the said firm of Hall, Dresser & Co. (who it is alleged were agents of complainants for said premises)`, or upon any or either of them as is required by the statute in such cases made and provided, nor was any such notice as aforesaid served upon your orators, or any or either of them, at the time when such notices should have been served, or at any time, and your orators further show that the said firm of Hall, Dresser & Co. and your orator Julia Blanche Hanford, could have been found upon diligent inquiry in the county of Cook at three months before the expiration of the time of redemption and each of them on such pretended sales as aforesaid."

The appellant filed a general demurrer to the bill, which demurrer was overruled. Thereupon the defendant filed an answer, denying that said tax sales and tax deeds were null and void, and claiming that his title was good and valid, and, in his answer, saying "that all the proceedings concerning the levy, assessment warrant, collector's return, advertisement, judgment, sale, issuance of certificates and of deeds of said premises because of delinquent taxes and special assessments, were strictly regular, legal, proper and valid, and that, by virtue of said tax sales and deeds, this defendant acquired a valid legal title to said premises, and now holds the legal title to the same." The original bill was amended by leave of court. A demurrer was filed to the bill as amended, and overruled. Thereupon the defendant filed an answer to the bill as amended, containing the same denials, and the same averments, as the answer to the original bill. Replications were filed, and proofs documentary and oral were introduced.

On March 21, 1904, the court rendered a decree in conformity with the prayer of the bill, finding that said tax deeds

were null and void, and constituted clouds upon the title of complainants, and should be removed; and ordered, adjudged and decreed "that the said deeds of conveyance from the said Philip Knopf, county clerk, to the defendant herein, Jacob Glos, described in the bill of complaint herein and recorded in the recorder's office of the said county of Cook, as described in said bill of complaint, be, and the same are each of them hereby set aside and declared null and void as against the complainants, their heirs and assigns as a cloud upon the title of complainants, and that the said deeds be delivered up and canceled."

The present appeal is prosecuted from the decree so rendered.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

CLARENCE T. MORSE, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Counsel for appellees sets up a number of grounds, upon which it is claimed that the tax deeds, sought to be set aside, are null and void. We only deem it necessary, however, to notice two of such grounds, which, in our opinion, are sufficient to justify the decree of the court below.

*First*—The first ground, urged against the validity of the tax deeds, is that there was no valid precept or process for a sale in the case of either of said tax sales. The three precepts for the sale of the premises in question were not made on August 10, 1896, the day of the sale, nor did they bear date as of that day, but one of them was made, or bore date, on July 15, 1896, the date when the judgment was rendered, and the other two were made or bore date on July 20, 1896, five days after the rendition of the judgment. Under section 194 of the Revenue act, the county clerk's certificate to the delinquent tax list should be made on the day advertised

for sale, and, if made on the day the judgment was rendered, the sale is void for want of proper process. (*Kepley* v. *Scully,* 185 Ill. 52; *Kepley* v. *Fouke,* 187 id. 162; *Glos* v. *Gleason,* 209 id. 517). Said section 194 requires the county clerk to make a certificate to be entered on the record, and this certificate must be dated as of the day of the sale. The presumption is that the certificates were made at the times when they bear date, and as the certificates in the case at bar do not bear date as of August 10, 1896, the day of the sale, they are not in conformity with the statute. The validity of a tax title depends upon strict compliance with the statute; and, as the certificates here were not made at the time required by the statute, the process, under which the officer making the tax sale was authorized to act, was not valid.

*Second*—The certificate to the delinquent list, which is the foundation of the three tax deeds in controversy, is defective. It commences as follows: "State of Illinois, county of Cook, ss.—I, William Penn Nixon, publisher of *The Inter-Ocean,* do hereby certify that the foregoing list of lands and lots contained in the newspaper known as *The Inter-Ocean,* to which this certificate is attached," etc. The certificate is signed "William Penn Nixon." This identical form of certificate was held by this court to be defective in *McChesney* v. *People,* 174 Ill. 46. It fails to certify the relation of the person making it to the newspaper, as required by section 186 of the Revenue act. Again, the delinquent list was not properly filed. The file-marks upon the delinquent list are signed by "Philip Knopf, county clerk." In *McChesney* v. *People, supra,* it was held that the offices of county clerk and clerk of the county court are distinct, though filled in this State by the same person; and that the filing by such person of a newspaper advertisement of delinquent lands, certifying to the fact as "county clerk," is not a compliance with section 186 of the Revenue act, requiring such newspaper "to be filed as part of the records of the county court." The file-mark should have shown that the delinquent list was

filed in the office of the clerk of the county court of Cook county as is by law required,—not in the office of the county clerk of Cook county. (*Glos* v. *Woodard,* 202 Ill. 484).

It is not denied on the part of appellant's counsel that the defects in question exist, nor is it contended that the tax deeds are not null and void on account of such defects. But the contention of counsel for appellant is, that the allegation of the bill is too general in its nature in averring that the deeds were void because of the defects appearing upon the face of the proceedings, and in not pointing out specifically upon the face of the bill what such defects are. We are inclined to think that this objection to the bill was good upon demurrer. The bill ought to show upon its face in what respect the tax title is invalid. But the appellant has waived his right to insist upon this objection here, because, after his demurrers to the original and amended bills were overruled, he did not stand by his demurrers, but answered the bill both as originally filed and as amended. In his answers he not only denied that the tax titles were invalid, but specifically averred that all the proceedings prior and incident to the tax sale and tax deeds were valid and regular. "The rule is that a defendant, by answering a bill in chancery after the overruling of his demurrer thereto, waives the demurrer, except so far as he may have the same advantage on final hearing; and he cannot assign for error the ruling upon the demurrer." (*Baumgartner* v. *Bradt,* 207 Ill. 345, and cases there cited). In *Gleason & Bailey Manf. Co.* v. *Hoffman,* 168 Ill. 25, we said: "By answering after a general demurrer is overruled, the right to assign error in overruling the demurrer is waived."

*Third*—The point is made that Mrs. Emma J. Glos should have been made a party. Appellees were under no obligation to make her a party. If she was a purchaser at all, she was a purchaser *pendente lite,* the deed executed to her by her husband, Jacob Glos, having been made after the filing of the bill and the service of summons. She took her title

subject to whatever decree the court might ultimately render in the case. (*Harms* v. *Jacobs,* 160 Ill. 589). Moreover, Mrs. Glos suffered no injury, because an order was entered before final decree, requiring the complainants to deposit the amount found due for interest and costs with the clerk for the use of Jacob Glos and Emma J. Glos, as their interests might thereafter be determined; and the decree finds that this was done. Such an order is not erroneous. (*Bonner* v. *Illinois Land and Loan Co.* 96 Ill. 546).

*Fourth*—Counsel for appellant also claim that the decree is erroneous in ordering "that said deeds be delivered up and canceled." We are inclined to think that the decree is erroneous in this respect, inasmuch as the deeds described other lands than the lots owned by the appellees. In *Glos* v. *Adams,* 204 Ill. 546, we said (p. 548) : "It further appears that the tax deed sought to be set aside and canceled included other lands than the premises claimed by appellee. In the decree the court set aside said deed and ordered that it be delivered up by Glos, and canceled by the clerk of the circuit court. This was error. The deed should not have been set aside and canceled, except as to the premises described in the bill.—*Gage* v. *Curtis,* 122 Ill. 520."

It is not necessary, however, to reverse the case because of this defect in the form of the decree. The decree may be modified here by this court. (*Low* v. *Graff,* 80 Ill. 360). The decree will, therefore, be modified by the addition of the following words, to-wit: "In so far as these deeds relate to the property described in the bill of complaint herein," said words to be inserted in the decree after the following words, to-wit: "that said deeds be delivered up and canceled."

The decree of the circuit court, after being modified as above indicated, is affirmed, and the cost will be equally divided between the parties.          *Decree affirmed.*