LOUIS D. GLANZ et al.

*v.*

EDWARD MATHIAS MILLER.

*Opinion filed October 23, 1907—Rehearing denied Dec. 4, 1907.*

TAX DEEDS—*when provision of decree for paying amount found due is proper.* In a proceeding for partition and to cancel certain invalid tax deeds, if the evidence is such that it cannot be ascertained what amounts are due, respectively, to the various defendants interested in the tax deeds, it is proper for the decree to require the complainant to pay into court the several amounts found due on the various tax sales, for the use of the defendants, as their interests may thereafter be determined.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. W. M. MCEWEN, Judge, presiding.

JACOB GLOS, *pro se,* and JOHN R. O'CONNOR, for plaintiffs in error.

SHERMAN C. SPITZER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Edward Mathias Miller filed his bill in the superior court of Cook county for the partition of certain lots in the village of DesPlaines, of which he was tenant in common with Louis D. Glanz and Edward M. Swain, and for the cancellation of thirteen tax deeds made to Jacob Glos for portions of the premises. Jacob Glos, Emma J. Glos, August A. Timke and R. S. Barber, who were interested in the tax deeds, were made defendants and answered denying the allegations of the bill. There was a decree setting aside the tax deeds upon payment of the amount found by the decree to be equitably due and ordering a partition of the premises. This writ of error is prosecuted by the above named defendants interested in the tax deeds, to reverse that decree.

Various conveyances, including a trust deed of the premises embraced in the tax deeds, had been made by the plaintiffs in error. Judgments had been recovered against some of them, and it was impossible from the evidence produced to ascertain the respective rights of those interested in the various sales. The decree finds the several amounts due on account of the respective sales, the offer of the complainant to pay such amounts and the refusal thereof. It thereupon directs the complainant to pay into court the sums so found due, for the use of the defendants, respectively, interested in the several sales, as their interests might thereafter be determined. The plaintiffs in error insist that the decree should have found the specific amounts due to each of the several holders of the tax titles or their grantees. There was no question as to the right of the complainant to have

the tax deeds set aside on account of the defects in the proceedings to obtain them. He could not, and the defendants did not, show the nature and extent of each defendant's interest. The decree left the matter open, so that upon a showing being made the parties entitled to the money could easily secure it. We think this provision of the decree was proper. *Glos* v. *Hanford,* 212 Ill. 261; *Glos* v. *Ault,* 221 id. 562.

It is objected that Sherman C. Spitzer was the real party in interest, at least as to a part of the premises, and should have been a party to the suit. This claim is based on Swain's testimony as to the manner in which he acquired title. Swain, Glanz and Miller had the legal title at the time the bill was filed. Swain testified that he claimed the absolute ownership in his own right. There was no evidence that Spitzer made any claim to an interest in the premises or could have done so, and on the facts appearing he was not a proper party.

The third ground of error presented is, that one of the solicitors of Glanz and Swain testified on the hearing. The decree found all the tax deeds void on account of defects to which the testimony of this witness did not refer. His testimony might all be stricken from the record without affecting the decree in that respect. There was no controversy over the question of possession, and his testimony on that point was uncontradicted. In other respects his testimony was immaterial.

A motion was made by defendant in error to strike the certificate of evidence from the record and was taken with the case. It is a grave question if that motion should not be sustained, but we have preferred to dispose of the case on its merits, and the decree will be affirmed.

*Decree affirmed.*