EMMA J. GLOS *et al.*

*v.*

JOSEPH K. CASS.

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. CLOUD ON TITLE—*one who has contracted to sell land may maintain a bill to remove a cloud.* One who has contracted to sell land to a person who has paid part of the purchase money and taken possession may maintain a bill to cancel a tax deed as a cloud in order to fulfill his contract to convey a clear title, even though the contract states that the property "is hereby bargained and sold" to the purchaser.

2. SAME—*a decree need not declare rights of defendants as to money deposited.* A decree setting aside a tax deed as a cloud on title, in a proceeding to which there are several defendants, need not declare the respective rights of the defendants in the money deposited in court by the complainant, if the decree provides for the deposit of such money for the use of the defendants, as their respective rights may thereafter be determined by the court.

3. TAX DEEDS—*when tax sale and deed are void.* A tax sale and deed are void where the county clerk's certificate to the delinquent tax list upon which the deed is based is not made upon the date advertised for sale but nearly a month earlier.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

CHARLES T. MASON, and WILLIAM P. ELLIOTT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed a bill in the superior court of Cook county September 29, 1905, alleging that he was then the owner and in possession of certain described lots in Chicago; that October 18, 1899, the lots were sold for delinquent taxes to Jacob Glos and a certificate of sale issued; that no redemption having been made, a tax deed was issued to Glos; that said tax deed was void. Emma J. Glos was made a defend-

ant as the wife of Jacob Glos, and August A. Timke, trustee, by reason of a trust deed being executed to him by Jacob Glos to secure a certain indebtedness. The appellee prayed that the tax deed be set aside as a cloud on his title. Appellants answered, denying the material allegations and demanding strict proof. Evidence having been heard by the chancellor, decree was entered finding the material allegations of the bill true and setting aside the tax deed.

It appeared from the evidence that on June 20, 1905, the appellee entered into a contract with the Chicago and Illinois Western Railroad Company to sell the lots here in question for $700; that $100 was paid down and the balance was to be paid on the delivery of a good and sufficient warranty deed within thirty days after the title should be found good. The contract also provided that the tax deed here in question should be removed by appellee, either by legal decree or quit-claim deed, and that the railroad company might take immediate possession of the lots. The appellants contend that because this contract stated that this property "is hereby bargained and sold to the said" railroad company, the railroad was the owner of said lots when the bill was filed. In *Langlois* v. *Stewart,* 156 Ill. 609, this court had this identical question before it, and held that a bond for a deed was only an agreement to make a title in the future, and the fact the seller had executed such a bond to a third party who was in possession did not prevent the seller from maintaining his bill to set aside a cloud upon the title, so he might fulfill the conditions of his bond and make good title to their property. This decision has been approved in *Phenix Ins. Co.* v. *Caldwell,* 187 Ill. 73, and *National Fire Ins. Co.* v. *Lumber Co.* 217 id. 115. Under these decisions, notwithstanding this contract of sale, the legal title still remained in appellee.

Appellants also contend that the decree does not declare the rights of the parties as to the amount of money to be paid to the various defendants. It found that appellee had

offered three dollars to each of the three defendants for their respective appearance fees in this suit and that they had refused to accept it, and that thereupon it was ordered that these sums be deposited with the clerk for the respective use of said defendants. It also provided that the appellee should deposit with the clerk of the court, "for the use of the defendants to this suit, or any or either of them, or their grantees or assigns, as their respective rights may hereafter by this court be determined and decreed," $116.04, and that this amount was deposited. Under the decisions of this court in *Glos* v. *Hanford,* 212 Ill. 261, and *Glos* v. *Ault,* 221 id. 562, this provision of the decree was proper.

The decree did not set aside the trust deed as to August A. Timke, trustee, as claimed by appellants, but only the tax deed of Jacob Glos, enjoining the defendants from claiming or asserting any title by reason of any tax deed. Any interest that the defendants had in these premises other than that derived from the tax deed is not foreclosed by this decree. There was no error in this regard. *Glos* v. *Ault, supra.*

The tax sale and deed to Glos were null and void. The county clerk's certificate to the delinquent tax list upon which this deed was based was dated July 12, 1899. It should have been dated August 7, 1899, the date advertised for the sale. The judgment of sale was therefore void. *Glos* v. *Gleason,* 209 Ill. 517, *Glos* v. *Hanford, supra,* and *Glos* v. *Ault, supra.*

The decree of the superior court will be affirmed.

*Decree affirmed.*