WILLIAM G. BRIMSON et al. Appellees, vs. D. ARNOLD
et al.—(JACOB GLOS, Appellant.)

*Opinion filed October 26, 1908—Rehearing denied Dec. 4, 1908.*

1. CLOUD ON TITLE—*what is sufficient proof to justify canceling tax deed as a cloud.* Proof of a deed to the complainants describing the same property as is described in the bill, coupled with proof that the complainants have been in possession of the premises as a homestead ever since the deed was made, justifies a decree canceling as a cloud upon the complainants' title a tax deed issued without notice to complainants of the tax sale or when the redemption period would expire.

2. SAME—*what is not a variance between bill and proofs as to joint tenancy.* A bill to remove a cloud from title which alleges that complainants are the owners in fee simple, "as joint tenants," is supported by a deed conveying the premises to the complainants, "not as tenants in common but as joint tenants," and the omission of the words "not as tenants in common" is immaterial.

3. TAX DEEDS—*the assignment of tax certificate carries with it amount paid to protect the tax sale.* The assignment of a tax certificate by the purchaser at the tax sale carries with it the amount required to redeem thereunder, including the amount of taxes paid by the purchaser at the tax sale to protect such sale.

4. SAME—*decree canceling tax deed need not provide for distribution of amount deposited.* It is proper for a decree canceling a tax deed, and conveyances based thereon, as clouds upon complainants' title, to provide that the amount required to be paid by complainants as a condition precedent to relief be deposited with the clerk of the court for the benefit of the defendants, as their interests may be made to appear.

5. SAME—*when a quit-claim deed is not admissible.* In a proceeding to cancel a tax deed as a cloud, a quit-claim deed from the holder of the tax deed to persons not parties to the suit individually but under the designation "unknown owners," who have defaulted, is not admissible to show title in the grantees.

APPEAL from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

This was a bill in chancery filed by the appellees, in the superior court of Cook county, against D. Arnold, Jacob Glos, trustee, and others, to set aside as a cloud upon their title (which was alleged to be a fee) to the west

eighteen feet of lot 8 and the east twenty-two feet of lot 9, in block 8, in Clough & Barney's subdivision of lots 34 and 35, in school trustees' subdivision of section 16, township 38, north, range 14, east of the third principal meridian, in the city of Chicago, county of Cook and State of Illinois, a tax deed issued by the county clerk of Cook county to D. Arnold on August 1, 1906, and a trust deed made by D. Arnold to Jacob Glos, trustee, on January 16, 1907, to secure the payment of the promissory note of D. Arnold for $50,000, payable to the order of himself and endorsed in blank. D. Arnold and the unknown owners of said promissory note and the unknown owners of the said premises were defaulted, and Jacob Glos, trustee, answered said bill as trustee. A hearing was had before the chancellor, and a decree was entered in accordance with the prayer of the bill after the appellees had deposited, under the direction of the court, with the clerk of the court, $258.92 for the benefit of the defendants, three dollars of which deposit the clerk was directed to pay to Jacob Glos, trustee, and $255.92 of which he was directed to hold for the benefit of the defendants, as their interest might subsequently be ascertained by the court. Jacob Glos, trustee, has prosecuted an appeal to this court.

JOHN R. O'CONNOR, for appellant.

JULIUS A. JOHNSON, and ENOCH J. PRICE, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The evidence clearly shows that the tax deed sought to be canceled was void for want of notice to the appellees of the tax sale and when the period of redemption would expire, and the decree should be affirmed unless the court committed reversible error in some one of the following particulars:

*First*—It is contended that the appellees did not establish that the premises described in the bill were the premises occupied by them. The appellees offered in evidence a deed to themselves from Fannie M. Gipson (of whom they purchased said premises) for the premises, bearing date October 3, 1895, and William G. Brimson testified that he and his family had been in the possession of the premises described in the deed, as their homestead, from the date of the deed to the date of the trial, and Mrs. Brimson testified to the same fact. The description contained in the deed from Mrs. Gipson and the description in the bill are the same. This testimony was uncontradicted and clearly established the averments of the bill, and was sufficient upon which to base a decree.

*Second*—It is contended that there was a variance between the bill and the proofs. The bill averred that the appellees were the owners in fee simple, "as joint tenants," of the premises, and the deed from Mrs. Gipson to the appellees conveyed the premises to "William G. Brimson and Susan H. Brimson, his wife, not as tenants in common, but as joint tenants, to them and the survivor of them." The omission in the bill of the words, "not as tenants in common," was wholly immaterial, as the appellees, in any event, were the joint owners of and in possession of the premises, and were entitled to notice of the tax sale and the time when the period of redemption would expire, whether they were tenants in common or joint tenants.

*Third*—It is contended that Jacob Glos having been sued as "Jacob Glos, trustee," he was sued not "as trustee," but individually. Jacob Glos answered as trustee and has prosecuted this appeal as trustee. He is not in a position, therefore, in this court to urge he was sued individually.

*Fourth*—The appellant, Glos, upon the trial asked leave to file an answer individually, with the view to have the court decree that the money ordered by the court to be deposited with its clerk as a condition precedent to the relief

236— 32

granted be paid to him individually. The evidence showed that Jacob Glos was the purchaser at the tax sale; that prior to the assignment of the tax certificate to D. Arnold, Jacob Glos had paid taxes aggregating the sum of $146.97 on said premises to protect said tax sale; that he then assigned the tax certificate to D. Arnold; that D. Arnold took out a tax deed under said sale in his name and then gave said trust deed to Jacob Glos. Clearly, the assignment of the tax certificate to D. Arnold by Jacob Glos carried with it the amount required to redeem thereunder, which included the amount of taxes paid by Jacob Glos to protect said tax sale, and if said tax deed had any validity, the amount ordered paid into court as a condition precedent to canceling said tax deed and trust deed belonged to the holder of said $50,000 promissory note, and not to Jacob Glos individually. We fail to see, therefore, upon this record, how Jacob Glos had any interest in said fund individually, and think the court did not err in declining to permit him to intervene and answer said bill individually.

*Fifth*—Jacob Glos on the trial offered in evidence a quit-claim deed from D. Arnold to himself and other grantees to said premises, which deed the court declined to admit in evidence, and it is urged by the appellant, Glos, the court committed reversible error in declining to admit said deed in evidence. Jacob Glos individually, and the other grantees in said deed, were not parties defendant by name but they were included under the designation "unknown owners," and were in default, and were not in a position to introduce evidence upon the trial to show title in themselves from D. Arnold. The court did not, therefore, err in declining to admit in evidence said quit-claim deed.

*Sixth*—It is finally contended that the court erred in not disposing of the fund ordered paid to the clerk of the court by the appellees as a condition precedent to the relief granted, otherwise than by ordering it paid to the clerk of the court for the benefit of the defendants. The form of

the decree adopted in this case was approved by this court in *Glos* v. *Hanford,* 212 Ill. 261, *Glos* v. *Ault,* 221 id. 562, and *Glos* v. *Cass,* 230 id. 641. If D. Arnold has conveyed his interest in said tax title to Jacob Glos and the other grantees named in said quit-claim deed, and Jacob Glos is the owner of the $50,000 promissory note secured by said trust deed, upon a proper showing the court which controls said fund can readily adjust the equities of the parties in said fund, and under the decree from which this appeal is prosecuted protect the rights of Jacob Glos by directing the portion of the said fund found to belong to him to be paid to him.

Finding no reversible error in this record the decree of the superior court will be affirmed.            *Decree affirmed.*