JACOB GLOS *et al.*

*v.*

SARAH A. RANDOLPH.

*Filed at Ottawa June 15, 1891.*

1. BILL TO REMOVE CLOUD—*void tax title—degree of proof required.* In a proceeding in equity to set aside a void tax deed as a cloud on title, it is not necessary to prove the complainant's title with the same strictness as in an action of ejectment.

2. SAME—*parol testimony.* On the hearing of a bill to remove a cloud upon title, parol testimony by an attorney, that his client was the owner of the land involved, is wholly incompetent when objected to; but if admitted without objection from the adverse party it will be sufficient, in connection with a deed of trust and the trustee's deed to the client in due form, to make a *prima facie* case of ownership.

3. SAME—*title acquired, presumed to continue.* Where a party received a deed under a trustee's sale in 1880, it was presumed that whatever title he acquired at such sale continued in him until the filing of a bill by him several years after, to remove a void tax deed as a cloud on the title.

4. SALE FOR TAXES—*process—what constitutes.* The certificate which the clerk, by section 194 of the Revenue act, is required to make and enter upon the record of the judgment, is the process on which lands shall be sold for taxes, and if it is not made, the sale will be void for want of process.

APPEAL from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

Mr. H. S. MECARTNEY, for the appellants:

Appellee failed to prove that she was the owner of the property. Having averred that the premises were vacant, title should have been proved. The witnesses' opinions as to the title were incompetent.

Mr. THOMAS S. McCLELLAND, for the appellee:

This is not an action to settle the title to the premises, and appellee is not bound to show a perfect title as against the world, or those claiming adverse legal titles, which can only be settled in an action at law. *Rucker* v. *Dooley*, 49 Ill. 377; *Craft* v. *Merritt*, 14 N. Y. 456; *Gage* v. *Mayer*, 117 Ill. 639.

For the purpose of assailing a tax title as void and a cloud on the title of one claiming to be the owner, the latter may testify as to ownership without producing record evidence of title. *Hintrager* v. *Kiene*, 62 Iowa, 605.

That a valid judgment, with precept or process of the clerk, is necessary to enable the proper officer to sell land for taxes, see *Gage* v. *Caraher*, 125 Ill. 447; *Ogden* v. *Bemis*, id. 105.

The tax deed in this case was void, because the property was assessed, etc., as one lot of ground, and an undefined part of another lot of ground as one piece or parcel. Rev. Stat. chap. 120, secs. 4, 62, 66, 76, 201; *Howe* v. *People*, 86 Ill. 288; *Drake* v. *Ogden*, 128 id. 603.

The notices, etc., of a purchaser, which state that the sale was for delinquent taxes or assessments, not specifying which, is void. Such was this case. *Stillwell* v. *Bramwell*, 124 Ill. 338; *Gage* v. *Waterman*, 121 id. 115; *Gage* v. *Davis*, 129 id. 236; *Gage* v. *DuPuy*, 134 id. 132.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed to set aside a tax deed as a cloud upon the title. The decree below was in favor of the complainant. The tax deed is invalid, for the reason that the clerk did not make and enter upon the record the certificate required by section 194 of the Revenue act. (Starr & Cur. Ann. Stat. page 2093.) Such certificate is the process on which real property shall be sold for taxes, and there being no process, under which the officer making the sale was authorized to act, the sale was void. (*Ames* v. *Sankey*, 128 Ill. 523; *Ogden* v. *Bemis*, 125 id. 105.)

The proof shows that the property was vacant and unoccupied at the time of filing the bill, such proof having been made since the case was here before. (*Glos* v. *Randolph*, 133 Ill. 197.) Appellants claim that appellee, who was complainant below, did not prove herself to be the owner of the property. The bill alleges that the complainant is the owner in fee of the land, and that she derived her title through a trustee's deed executed and delivered to her by Joseph F. Randolph, trustee, which trustee's deed was made and recorded on June 15, 1880. It is further alleged in the bill, that the trustee's deed was so made under and in pursuance of a trust deed, executed and delivered by Gilbert Thayer and wife to said Randolph as trustee, to secure certain notes of said Thayer, dated July 31, 1875, and that such trust deed was recorded on August 20, 1875. The tax deed was issued in January, 1888, in pursuance of a sale on July 15, 1885, for the taxes of 1884.

Upon the hearing in the court below the defendants, who are appellants here, introduced no evidence whatever. The complainant introduced in evidence the trust deed and the trustee's deed above mentioned. They were objected to by the defendants, but the record does not show any specific ground or reason for the objection. Whatever title the complainant

acquired by the trustee's deed to her will be presumed to have continued in her until the filing of the original bill herein on August 23, 1888, it not being shown that she ever at any time parted with such title. The trust deed and sale thereunder and trustee's deed all seem to be regular, and the sale and trustee's deed appear to have been conducted in strict accordance with the powers conferred upon the trustee by the trust deed.

In addition to the proof of title furnished by these deeds, the solicitor of the complainant testified orally upon the hearing that his client was the owner of the land. While such testimony is wholly incompetent when objected to, *(Kirkpatrick* v. *Clark,* 132 Ill. 342,) yet in the present case the testimony was permitted to come in without objection from the defendants; and, being thus in without objection, it is sufficient, in connection with the documentary evidence of title, to make a *prima facie* case of ownership as against a void tax deed in a chancery proceeding to remove such tax deed as a cloud. *(Hintrager* v. *Kiene,* 62 Iowa, 605.) It is said that the oral testimony was of ownership at the time of the giving of the testimony, and not of ownership at the time of filing the bill. We think, however, that when all the evidence is considered together, the proof of ownership must be held to apply to the date of filing the bill, as well as the date of giving the testimony.

In such a proceeding as this, it is not necessary for the complainant to prove title with the same strictness as in an action of ejectment. *(Rucker* v. *Dooley,* 49 Ill. 377; *Craft* v. *Merrill,* 14 N. Y. 456; *Wing* v. *Sherrer,* 77 Ill. 200.)

The decree of the Circuit Court is affirmed.

*Decree affirmed.*