JACOB GLOS et al.

v.

FREDERIC GRANT GLEASON.

209    517
212   ²265
212   ²634
212   ¹636

*Opinion filed April 20, 1904—Rehearing denied June 8, 1904.*

1. CLOUD ON TITLE—*complainant need not prove title with same strictness as in ejectment.* In a suit to set aside a tax deed as a cloud on title, proof that the complainant, at the time the bill was filed, was in possession of the property claiming in good faith to be the owner thereof under a deed conveying the same to him, is sufficient proof of title in complainant.

2. TAX DEEDS—*clerk's certificate must be made on the day advertised for the sale.* A tax deed is invalid where the clerk's certificate that the record is correct and judgment for taxes was rendered, etc., required by section 194 of the Revenue act, was made before the day advertised for the sale.

3. SAME—*when a tender is sufficient to preclude liability for the costs.* Tender of a sufficient sum to the person shown by the record to be the holder of a tax deed, before the bill to set aside the tax deed was filed and without notice of unrecorded deed from such holder to his wife, is sufficient, when kept good, to preclude complainant's liability for costs, although the deed was recorded after the bill was filed and the grantee made a party by supplemental bill.

APPEAL from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

On January 20, 1902, appellee filed a bill in the circuit court of Cook county against appellant Jacob Glos to set aside a tax deed to certain lots in the city of Chicago as being a cloud upon appellee's title to the lots, said deed having been issued by the county clerk of Cook county to Glos. Subsequent to the filing of the bill a deed from Jacob Glos to his wife, Emma J. Glos, dated January 2, 1902, and acknowledged on January 20, 1902, conveying an undivided one-half interest in said lots, was filed for record in the recorder's office of said county, and on February 12, 1902, appellee filed a supplemental bill in the circuit court making Emma J. Glos a party defendant,

and praying that her deed to the lots in question be set aside as a cloud upon appellee's title. Both defendants answered, denying that appellee is the owner of the said lots, and averring ownership in the defendants by virtue of the deeds referred to; denying that the tax deed to Jacob Glos is void, as alleged in the bill; denying that a tender had been made to Jacob Glos, as claimed by appellee in his bill, and denying that appellee is entitled to the relief prayed for. A replication was filed to these answers, and the cause was heard in open court before the presiding judge thereof. The court rendered a decree finding that the material allegations of the bill were true; that complainant therein is the owner in fee simple of the lots described in the bill, and was in the actual and exclusive possession of the same at and before the filing of the bill herein; that the tax deed to Jacob Glos is invalid, and that the deed to Emma J. Glos was filed subsequent to the commencement of this suit and is also invalid as against the complainant; that both deeds are clouds upon the complainant's title to the lots, and the decree therefore orders the same canceled and removed of record. It also finds that a tender was made to Jacob Glos prior to the commencement of the suit, and orders that he pay the costs of this proceeding, but that Emma J. Glos recover no costs. Both defendants appeal from the decree to this court.

The evidence shows that in 1897 appellee obtained a quit-claim deed to these lots, which was recorded in the recorder's office of Cook county on June 28, 1898; that his grantor, Marie A. Kennicott, had paid the taxes on these lots from 1891 up to 1898, when they were sold for taxes to Jacob Glos; that appellee had caused a fence to be erected, enclosing these lots, and that a sidewalk had been laid in front of them. The taxes assessed for the year 1897 remaining unpaid on said lots, judgment was entered against the same by the county court of Cook county on July 11, 1898, and the lots were advertised to

be sold for taxes on August 1, 1898. The certificate of
the clerk required by section 194 of chapter 120 of Hurd's
Revised Statutes of 1901 was made on July 13, 1898, in-
stead of on August 1, 1898. The sale of lands for delin-
quent taxes opened on August 1, 1898, as advertised, and
on September 14, 1898, the lots in question were sold to
appellant Jacob Glos for the sum of $34.15 and a certifi-
cate of sale was issued to him. He also paid the taxes
for the ensuing year, amounting to $28.50. On June 21,
1901, the lots remaining unredeemed from said tax sale,
Jacob Glos applied to the county clerk of Cook county
for a deed, and thereupon filed a notice with its certifi-
cate of publication, which notice had been published
from May 23, 1900, to June 6, 1900, and which notified
Mary Kennicott, Mary E. Kennicott and the unknown
owners of and persons interested in said lots that the
time for redemption would expire on September 14, 1900;
and also filed two affidavits, one made by himself and
the other made by his agent, Timke, in which it was
stated that each had made diligent search and inquiry
for the said Mary Kennicott and Mary E. Kennicott and
the unknown owners of and persons interested in said
lots, and that affiants had not been able to find any of
them in said county. The bill charges that the state-
ments in the affidavits are untrue; that Gleason has re-
sided in the city of Chicago for more than twenty years,
and is, and has been for a long time, well known in Cook
county; that his deed to said lots appeared on the rec-
ords in the recorder's office of said county; that his name,
together with his address, both business and residence,
has for a long time appeared in the Chicago directories,
and that it appeared in the directory which was in use
in the city of Chicago during the year 1900; that he could
have been easily found in the city of Chicago at any and
all times during the year 1900 by making ordinary search
and inquiry for him, and that no notice of purchase, or
any other kind of notice, was served by Glos, or any one

acting for him, upon complainant, and that complainant received no such notice in any way.

Shortly before filing the bill herein, and on the same day, the attorney and agent for Gleason tendered to Jacob Glos the sum of $75, which was refused, and that amount was deposited with the clerk when the suit was commenced, and was found by the court to be the sum due Jacob Glos and ordered paid to him.

JACOB GLOS, *pro se.*

JOHN R. O'CONNOR, for appellant Emma J. Glos.

ALEXANDER S. BRADLEY, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is urged that the proof does not show that complainant was the owner of the real estate described in the bill. We have frequently held that in a suit to remove a cloud from the title it is not necessary for the complainant to prove title with the same strictness as in an action of ejectment. (*Glos* v. *Randolph*, 138 Ill. 268; *Pease* v. *Sanderson*, 188 id. 597; *Glos* v. *Boettcher*, 193 id. 534.) The proof in this case shows that at the time the bill was filed complainant was in the possession of the property, claiming in good faith to be the owner thereof, under a deed conveying the same to him. This is sufficient proof of title where the only cloud which complainant seeks to remove is a tax deed. The evidence here is sufficient to sustain the finding in the decree that the complainant is the owner of the property.

The sale upon which the deed involved herein is based was advertised for August 1, 1898. Section 194 of chapter 120 of Hurd's Revised Statutes of 1901 requires that "on the day advertised for sale, the county clerk * * * shall make a certificate, to be entered" on the record, following the order of the court, that such record is cor-

rect and that judgment was rendered upon the property therein mentioned for taxes, etc. This certificate was made by the clerk in this instance on July 13, 1898, instead of on August 1 of that year. The tax deed is therefore invalid. *Glos* v. *Randolph, supra.*

On the day the bill herein was filed, January 20, 1902, but prior to the filing thereof, complainant tendered to Jacob Glos $75 in payment of the amount paid at the tax sale, subsequent taxes, interest and costs, which was slightly in excess of the amount due to Glos under section 224 of chapter 120 of Hurd's Revised Statutes of 1901. The tender was not accepted. Complainant, at two o'clock on the same day, filed his bill, and kept the tender good by paying the same to the clerk. Thereafter, on the same day, appellant Emma J. Glos, wife of appellant Jacob Glos, filed for record a quit-claim deed from Jacob Glos, conveying to her an undivided one-half of the premises described in the bill. This deed is dated January 2, 1902, and acknowledged before one Timke, the agent of Jacob Glos, on January 20, 1902. Later, Emma J. Glos was made a party defendant by supplemental bill. Under these circumstances it is urged that the tender was not made to the proper parties, and that it was erroneous to render a decree for costs against Jacob Glos and to leave Emma J. Glos to pay her own costs. The tender was made to the person who, by the record, was shown to be the holder of the tax title. Complainant had no notice, constructive or otherwise, that Jacob Glos had conveyed to Emma J. Glos. To hold, under such circumstances, that he must make a tender to her or be liable for costs would virtually deprive him of the right of making a tender before bringing suit. The grantee in such a deed, who is not in possession, can protect himself from any injurious consequences from the rule here applied by promptly recording his deed upon its delivery to him.

It is also assigned as error that the cause should have been referred to a master for the purpose of ascertaining

the amount due as redemption money. Under the authority of *Glos* v. *Boettcher, supra,* this was unnecessary.

Emma J. Glos insists that no notice was given to her of this cause being placed on the trial calendar in the court below. For that reason she moved to strike the cause from that calendar, and assigns the denial of her motion as error. The record does not disclose any rule of court showing necessity for such notice, and there is no statute requiring it. The error is therefore not well assigned.

Appellee has filed an additional abstract in this court, and moves that the cost thereof be taxed herein. The necessity for this additional abstract appears, and the motion will be allowed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*