JACOB GLOS *et al.*

*v.*

LORENZO D. AULT.

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

1. CLOUD ON TITLE—*what proof is prima facie sufficient to sustain bill to set aside invalid tax deed.* An administrator's deed regular on its face, reciting the decree of the probate court, the sale, approval and confirmation, is *prima facie* sufficient as a title, when coupled with proof of possession by the grantee, to sustain a bill to set aside an invalid tax deed.

2. SAME—*when tax deed is void.* Section 194 of the Revenue act, which makes the county clerk's certificate to the delinquent list process for the sale, contemplates that such certificate shall be made on the day of the sale, otherwise the certificate is void as process; and a tax deed based on a sale under such void process is also void.

3. SAME—*when parties cannot complain of provisions of decree.* Where a decree sets aside a tax deed as void but does not set aside certain quit-claim deeds and a trust deed made by the holder of the tax deed, but merely enjoins the defendants from claiming or asserting any title to the premises by virtue of the tax deed, the defendants cannot complain, on appeal, that there was no evidence to sustain the allegations of the bill that the quit-claim deeds and trust deed were void.

APPEAL from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

JACOB GLOS, *pro se,* and JOHN R. O'CONNOR, for appellants.

WILLIAM GIBSON, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a bill, filed in the Superior Court of Cook county on June 22, 1905, by appellee against Jacob Glos, Emma J. Glos, August A. Timke, as trustee, and the unknown owners of lots 7 and 8 in block 1, in N. Lancaster's subdivision, of the west half of the south-west quarter of section 22, township 38 north, range 14 east of the third principal meridian in Cook county, alleging that complainant is the owner and in the actual and exclusive possession of said lots 7 and 8, and praying that a certain tax deed be removed as a cloud on complainant's title. The decree of the trial court was in accordance with the prayer of the bill, and the present appeal is prosecuted from such decree.

It is insisted by appellants, that the evidence does not support the allegation in the bill, that the complainant was the owner of the lots in question and in possession of the same when the bill was filed. The proof shows that in May, 1903, the lots in question were fenced in by appellee, or by his agents for him and under his direction. A witness, who examined the premises the night before the bill was filed,

testified that the lots were still surrounded by the fence in question. It is unnecessary to examine in detail the proof as to the possession. The witness Keefe says: "I had a fence put around the property in May, 1903. It was vacant property. It was by request of Mr. Ault that I put the fence up." Appellants claim that the fence on one or more sides of the lots did not come quite up to the lot line. Appellants introduced no evidence to show this fact, and what is said upon the subject is mere matter of inference and argument. The proof is clear to our minds that possession was taken of the lots in May, 1903, and that they remained in the possession of the complainant for more than two years, that is to say, up to the time of filing the bill on June 22, 1905.

In connection with his bill complainant introduced a deed, dated November 25, 1895, executed by Henry A. Foster, as administrator with the will annexed of the estate of Thomas F. Cohen, deceased, and conveying to complainant, Ault, the lots in question, which deed recited that Henry A. Foster, by a decree of the probate court, was directed to sell lots 7 and 8 aforesaid to pay claims against the estate of Thomas F. Cohen, deceased, and that, due notice having been given, the lots were sold on June 28, 1895, to Lorenzo D. Ault for $1775.00, and that the sale was duly approved and confirmed, and the premises were thereby conveyed to Ault in pursuance of said decree of sale and confirmation. The deed was duly acknowledged by Henry A. Foster, as administrator of said estate. This deed is regular upon its face, recites the decree of the probate court, the sale, and the approval and confirmation of the sale by the probate court. In connection with the proof of possession introduced by appellee, it was sufficient *prima facie* evidence of title to sustain a bill to remove a tax deed, void for the reason hereafter stated, upon the appellee's title. An administrator's deed is good color of title. (*Moffitt* v. *Moffitt*, 69 Ill. 641; *Conner* v. *Goodman*, 104 id. 365; *Brian* v. *Melton*, 125 id. 647; *South Chicago Brewing Co.* v. *Taylor*, 205 id. 132).

This court has held that a deed from a third person to the complainant in a bill to remove a cloud from the title, without further proof as to possession or title, does not establish title; but that proof of possession under claim of ownership is *prima facie* evidence of such ownership in the claimant so in possession, and a deed from a grantor in possession may be sufficient *prima facie* evidence of ownership. (*Glos* v. *Miller*, 213 Ill. 22; *Hewes* v. *Glos*, 170 id. 436; *Glos* v. *Huey*, 181 id. 149; *Harland* v. *Eastman*, 119 id. 22; *Glos* v. *Perkins*, 188 id. 467; *Glos* v. *Kingman & Co*. 207 id. 26). In *Glos* v. *Gleason*, 209 Ill. 517, we said: "The proof in this case shows that, at the time the bill was filed, complainant was in the possession of the property, claiming in good faith to be the owner thereof, under a deed conveying the same to him. This is sufficient proof of title, where the only cloud, which complainant seeks to remove, is a tax deed. The evidence here is sufficient to sustain the finding in the decree that the complainant is the owner of the property." In *Hewes* v. *Glos, supra,* it was said: "Possession under a claim of ownership or a deed from a grantor in possession may be sufficient *prima facie* evidence of ownership."

The court below found in its decree, and the evidence sustains the finding, that the tax deed to Jacob Glos was issued to him upon a tax sale on November 9, 1898; that the collector gave notice of the intended sale of said lands to commence August 1, 1898; that, in volume 183 of the tax judgment, sale, redemption and forfeiture record of Cook county for the year 1898, appears the process, on which such sale was made, and that there does not appear any process made, dated and subscribed on the first day of August, 1898, but that the certificate, which constitutes such process, was made, dated and subscribed on the 30th day of July, 1898. In other words, the proof showed and the decree found that the tax deed was void, because the process upon which the sale was made, was dated July 30, 1898, and not upon the

day advertised for the sale of said premises, to-wit, the first day of August, 1898. That the tax deed to Jacob Glos was void for the reason above stated is shown by many decisions of this court.

In *Kepley* v. *Scully,* 185 Ill. 52, it was held that section 194 of the Revenue act, as amended in 1879, which makes the county clerk's certificate to the delinquent list process for sale, contemplates that such certificate be made on the day of the sale, and if the certificate is not made at the time, required by statute, it is void as process, and tax deeds, based on a sale under such void process, are void. To the same effect are the following cases: *Kepley* v. *Fouke,* 187 Ill. 162; *Glos* v. *Gleason,* 209 id. 517; *Glos* v. *Randolph,* 130 id. 245; *Glos* v. *Hanford,* 212 id. 261.

The bill alleges that a quit-claim deed was made by Jacob Glos to Emma J. Glos, his wife, conveying an undivided one-half of the lots in question, and that another quit-claim deed was made by Jacob Glos to his said wife, conveying an undivided one-third of the lots in question. The bill also alleges that a trust deed was made to one Timke by Jacob Glos, conveying the lots in question to secure a certain indebtedness. Complaint is made by the appellants that there is no evidence in the record, tending to support the allegation in the bill that these deeds to Emma J. Glos and to Timke were void. In reply to this, counsel for appellee says: "The decree does not set aside those deeds, but only the tax deed of Jacob Glos, and enjoins defendants from claiming or asserting title only by reason of said tax deed. Any interest which any of the defendants had in these premises other than that derived from and through the said tax deed, is not foreclosed by this decree, and defendant Glos is, therefore, entitled to reimbursement for no other than said tax deed." As the decree only sets aside the tax deed to Glos, and does not set aside the deeds to Emma J. Glos and August A. Timke, appellants have no right to complain of the decree in this regard.

The decree is complained of, because it provides for a deposit to be paid to the defendants "as their respective rights may hereafter be determined." This provision of the decree was proper. (*Glos* v. *Hanford*, 212 Ill. 261). As the account consisted of only a few items, there was no necessity for a reference. (*Glos* v. *Boettcher*, 193 Ill. 534).

We are of the opinion that the decree of the court below is correct. Accordingly, the decree of the Superior Court of Cook county is affirmed.

*Decree affirmed.*