JACOB GLOS *et al.*

*v.*

SUSAN M. BAIN.

*Opinion filed October 23, 1906.*

DEEDS—*recording invalid deed does not make it valid.* The recording of a deed or other instrument affecting real estate is constructive notice to subsequent purchasers and encumbrancers under the same grantor, but the recording of a void deed does not make it valid nor affect the rights of the grantee in a subsequent valid deed, even though the latter is not recorded.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel, and for Emma J. Glos.)

WILLIAM GIBSON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This cause was heard in the superior court of Cook county upon the amended bill of appellee, filed to set aside a tax deed issued to Jacob Glos, one of the appellants, and to restrain appellants from asserting any title under or by virtue of said deed, the answers of appellants denying the material allegations of the bill, the replications of the appellee thereto and evidence touching the issues thus formed heard by the chancellor, who found all the material allegations of the bill to be true and granted the relief prayed for.

The lot, the title to which was in dispute, was numbered 19 in block 1 of B. F. Jacobs' subdivision of a certain tract of land in Cook county, and appellants take the position that appellee did not prove title to the lot. The original bill was filed on April 10, 1905, and there was evidence that appellee took possession of the lot on April 5, 1905, under an unrecorded quit-claim deed and enclosed it with a wire fence and was in possession when the bill was filed. Appellants contend that the evidence was not sufficient to identify the lot as the one around which the fence was built, on account of uncertainty in the measurements taken from the center of the street and the curb line to determine its location. The most that can be said on that subject is that some slight inaccuracy was possible in the method adopted, but there was no evidence tending to show any such inaccuracy or that any mistake occurred. There was nothing to discredit the

testimony as to the location of the lot, and we cannot assume that the measurements were incorrect.

Appellee's paper title consisted of a conveyance from B. F. Jacobs and wife dated September 19, 1898, and recorded October 10, 1898, conveying the lot to Harry E. Moore, and a quit-claim deed from Harry E. Moore and A. H. Moore, dated January 24, 1905, but not recorded, conveying the lot to appellee. The principal argument for appellants is, that the tax deed issued to Jacob Glos, which was recorded on July 15, 1901, vested in him a title superior to that of appellee by virtue of the statute providing for the recording of instruments relating to or affecting the title to real estate, which is as follows: "All deeds, mortgages and other instruments of writing which are authorized to be recorded sh'all take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record." (Laws of 1871-72, sec. 30, p. 291.) Counsel say that appellant Jacob Glos occupied the position of a purchaser without notice; that the legal effect of recording his tax deed was to give it priority over subsequent unrecorded deeds; that appellee holds an unrecorded quit-claim deed subsequent to his recorded deed, and that as to him the unrecorded quit-claim deed is void. We cannot see that the statute invoked has any influence upon the rights of the parties in this case. The deed to Moore was recorded prior to the tax deed, but if the tax deed conveyed good title it destroyed the title of Moore, and, of course, such title of Jacob Glos would be superior to that of appellee under the quit-claim deed subsequently made, whether the quit-claim deed was recorded or not. If the tax deed conveyed no title appellee acquired the title which was in Moore by her quit-claim deed. The statute providing for the recording of instruments affecting the title to real estate

is intended to provide notice of such instruments, but does not make a void deed valid. Where an instrument by which title to real estate is affected is properly recorded, the record is constructive notice to subsequent purchasers or encumbrancers under the same grantor, and a prior deed sufficient to convey title will be postponed to a subsequent one taken without notice, when the latter is first recorded; but the statute is not operative to make a bad title a good one. The deed, to Jacob Glos was not operative to convey or extinguish the title which was in Harry E. Moore, and that title was conveyed to appellee by the quit-claim deed on January 24, 1905. The fact that the quit-claim deed, executed several years after the tax deed, was not recorded, does not affect the rights of the parties.

The decree is affirmed.                    *Decree affirmed.*