(No. 11733.—Decree affirmed.)

EDWARD J. PHILLIPS *et al.* Appellees, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed December 19, 1917—Rehearing denied Feb. 7, 1918.*

1. CLOUD ON TITLE—*correct practice where complainant conveys pending suit to set aside tax deeds.* Where the complainant in a bill to set aside tax deeds as a cloud on title conveys the premises pending suit, it is proper practice to file a supplemental bill with the grantor and grantee as complainants, as the grantor is entitled to remain in the case as a complainant for the protection of his covenants of warranty.

2. SAME—*when cost of reference is properly taxed to defendant.* Where the complainant in a bill to set aside tax deeds as a cloud has tendered to the defendant and paid into court a sum to cover the costs of the suit and reimbursement to the defendants, it is proper, if the amount found due the defendants upon a reference to the master is found to be less than the amount of the tender, that the cost of such reference be taxed to the defendants even though a second reference was necessary to take further proof as to the identity of the property, the cost of which was not taxed to them.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

EDWARD J. PHILLIPS, *pro se,* (WILLIAM GIBSON, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Edward J. Phillips, one of the appellees, filed the original bill in this case in the superior court of Cook county against Jacob Glos and August A. Timke, the appellants, to set aside tax deeds held by Jacob Glos to lots 5 and 6, in block 5, in Wilson & Gould's subdivision of the west half of block 5 of the Superior Court partition of a certain tract of land. While the suit was pending the complainant conveyed the premises by warranty deed to Richard Schrik, the other appellee, and the two filed a supplemental bill praying for the same relief as in the original bill. The answers to the original bill were ordered to stand as answers to the supplemental bill, and the complainants tendered to the defendants, and deposited with the clerk of the court for their use, $370 for costs in the suit and reimbursement upon the setting aside of the tax deeds. The cause was referred to a master in chancery, and upon the hearing before him the complainants offered in evidence a deed to the complainant Phillips for lots 5 and 6, in sub-block 5, in Wilson & Gould's subdivision of the west half of block 5, and a deed from Phillips and wife to Schrik containing the same description. The deeds were objected to on the ground that the premises were not the same described in the bill, but they were admitted in evidence subject to the objection. The master made his report in favor of complainants, to which the defendants severally filed thirty-five objections, with various subdivisions of some of the objections. The

master overruled the objections and filed his report, and it was ordered that the objections should stand as exceptions. The chancellor, on the hearing, sustained the objection that the deeds did not describe the same premises described in the bill and referred the cause back to the master in chancery to take further proof. The master took such proof and reported that the premises described in the deeds were the same as those described in the bill. Exceptions to this report were overruled, and the chancellor entered a decree finding the tax deeds void and that the defendants were entitled to $353.34 for costs and reimbursement, which was $16.66 less than the amount tendered. The decree set aside the tax deeds, awarded to the defendants $353.34 of the amount deposited with the clerk, and taxed the costs of the first reference against the defendant Jacob Glos.

Phillips having conveyed the premises by warranty deed to Schrik, the filing of the supplemental bill was proper practice, and Phillips had a right to remain in the case as a complainant for the protection of his covenants of warranty. *Gage* v. *Schmidt,* 104 Ill. 106.

On the second reference it was proved that there was but one Wilson & Gould's subdivision of the west half of block 5; that the blocks in the subdivision were not marked either as blocks or sub-blocks but merely numbered, and the lots in question were in the block numbered 5. The bill and the deeds described the same property and there would be no difficulty in locating it by either description, so that there was no variance or uncertainty of the description.

The costs of the second reference for the purpose of making proof of the identity of the property were not taxed to Glos, but, having refused to accept the $370 tendered, the costs of the first reference, in which it was found that the amount due was less than the amount tendered, justified the taxation to him of the costs of that reference.

The decree is affirmed.

*Decree affirmed.*