(No. 14712.—Decree affirmed.)

JOSEPH VLK *et al.* Defendants in Error, *vs.* JACOB GLOS
· *et al.* Plaintiffs in Error.

*Opinion filed April 18, 1923—Rehearing denied June 6, 1923.*

1. PARTITION—*when recitals in master's deed are sufficient.* In a deed executed by a master in chancery it is not necessary to set out therein the recitals of the judgment or decree, but it is sufficient to refer to the decree by the title of the cause, the name of the court, the date or term of court at which the proceedings were had or the judgment, order or decree obtained.

2. TAX DEEDS—*party seeking to set aside tax deed must prove possession.* In a suit to set aside a tax deed there must be proof of possession by one claiming in good faith to be the owner under a deed, and possession under the claim must be shown to be such an appropriation of the land as will apprise the community in the vicinity that the land is in the party's exclusive use and enjoyment.

3. SAME—*what constitutes proof of possession—presumption.* Acts necessary to constitute possession by one seeking, as owner, to set aside a tax deed depend upon the nature and locality of the property, the use to which it may be applied and the situation of the parties, and each case must to a certain extent rest upon its own facts, but every presumption will be made in .favor of the holder of the legal title.

4. SAME—*what possession is sufficient to set aside a tax deed.* One who claims ownership and possession in good faith under a master's deed in a partition proceeding may have a tax deed set aside where the property is vacant but has been fenced by the owner; and it is not necessary to place on the land a sign or an actual notice of the owner's name.

5. SAME—*holder of tax deed must point out wherein tender of complainant is insufficient.* In a suit to set aside a tax deed, where the defendant objects that the amount tendered by the complainant is insufficient, he should point out in his objection wherein the items making up the amount are insufficient, and if he does not do so the question as to the sufficiency of the amount tendered cannot be raised in the Supreme Court.

6. SAME—*complainant, after conveyance, may remain in suit to set aside tax deed—tender.* The complainant, after making a conveyance pending his suit to set aside a tax deed, may remain in the case for his own protection where the subsequent purchasers are made parties to the suit by supplemental bills, and a tender made by the original complainant and deposited with the clerk is sufficient.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for plaintiffs in error.

WILLIAM GIBSON, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit instituted by defendants in error for the purpose of setting aside certain tax deeds as clouds upon the title to certain lots alleged in the original bill to be owned by Joseph Vlk and alleged in supplemental bills to have been conveyed to other parties named therein. The matter was referred to a master in chancery, who reported recommending a decree in accordance with the prayer of the bill. The court approved the master's report and entered a decree in accordance therewith, and plaintiffs in error have sued out this writ of error for further review.

The land in controversy consists of five vacant lots in the town of Cicero, in Cook county. Defendant in error Joseph Vlk previous to the institution of this suit had acquired title to said lots by master's deed growing out of a partition proceeding. Two of the lots were sold for delinquent taxes in 1898, and the other lots were sold at various times thereafter for the taxes and one special assessment, and under said sales various plaintiffs in error obtained tax deeds to the lots. Before the pleadings in this case were settled Vlk had sold certain of the lots to defendant in error Emil Kutschke, who later sold to William R. Kutschke and wife in joint tenancy. Certain of the other lots were sold by Vlk to Adolph E. Lind and Augusta Lind as joint tenants, and one lot was thereafter conveyed to Charles A. Newquist and wife. All of these grantees were thereafter made parties by supplemental bills in this cause.

It is argued by counsel for plaintiffs in error that the defendants in error have not proved, as required by law, the title and possession of the premises in dispute. The record shows that Vlk obtained a master's deed conveying to him the premises under a decree in a partition proceeding, and thereafter he fenced the five lots prior to the filing of the bill herein, putting up a fence with 2x4 posts 7½ feet long, driven about 10 feet apart, on which were strung heavy wire, boards being nailed up in the front and rear of the lots. It appears from Vlk's testimony that this fence was damaged by some unknown person, but the record shows that at the time the bill herein was filed, and shortly thereafter, these lots were still fenced. The deeds to the subsequent purchasers were also offered in evidence, and there was no evidence of any act of possession before the filing of the bill, or at any time, by any of the tax-deed holders that indicated that defendants in error, or any of them, had been ousted of their possession of the lots. There appears to be no question that all of these particular lots were sold at tax sales and tax deeds issued therefor, as alleged.

In deeds executed by masters in chancery it is unnecessary to set out therein the recitals of the judgment or decree. It is sufficient to refer to the decree by the title of the cause, the name of the court, the date or term of court at which such proceedings were had or the judgment, order or decree obtained. (1 Hurd's Stat. 1921, sec. 12, p. 753.) The record shows as to the master's deed that the requirements of the statute have been complied with.

In a suit to set aside a tax deed there must be proof of possession of one claiming in good faith to be the owner under a deed, and possession under the claim must be shown to be such an appropriation of the land to the individual as will apprise the community in the vicinity that the land is in the party's exclusive use and enjoyment, and the notice of such possession must be of such open and visible character as from its nature will apprise the world that the land

is occupied. The acts necessary to constitute possession depend to some extent upon the nature and locality of the property, the use to which it may be applied and the situation of the parties. It is difficult, if not impossible, to specify what acts will constitute actual possession of the land. Every case must in a measure rest upon its own facts, but every presumption will be made in favor of the holder of the legal title, and as against him no presumption will be drawn in favor of the holder of color of title, only. (*LeSourd* v. *Edwards,* 236 Ill. 169; *Towle* v. *Quante,* 246 id. 568.) In each of the cases just cited, possession was deemed to be sufficiently shown even though there were no fences of substantial character and a part of a fence was defective where it was required to cross ponds of water. An unrecorded quit-claim deed of a lot which had a wire fence around it was held sufficient to support possession in *Glos* v. *Bain,* 223 Ill. 343. Proof of possession by one claiming ownership under a deed of conveyance to him, possession being claimed in good faith, is sufficient. (*Glos* v. *Ault,* 221 Ill. 562; *Warshawsky* v. *Glos,* 251 id. 377.) The lots here in question were vacant, and it was not necessary that there be a "For sale" sign or an actual notice on the land of the name of the owner.

Under the decisions already cited it must be held that the lots in question were actually fenced, and it would appear from the record that plaintiffs in error, before they attempted to exercise any actual possession, were advised by the beginning of this suit of the actual ownership. There is nothing stated in any of the authorities cited by counsel for plaintiffs in error that is contrary to this conclusion.

Counsel for plaintiffs in error argue that the tender made by defendants in error was not an unconditional one for the full amount due at the time the tender was made. The amount found by the master to be due, and which was based upon the evidence in the record, was $203.36. The tender was made by the original complainant, Joseph Vlk, in open

court, and was $253.36 and $6 additional for costs, which plaintiffs in error refused to accept, and it was ordered by the court that the same be deposited with the clerk of the court, and the same was an unconditional tender. The objection that the tender was not of a sufficient amount is made here and appears to have been made in the trial court, but counsel for the plaintiffs in error did not point out in their objection wherein the items making up the amount they claim should be tendered were insufficient, and therefore that question cannot be raised here. *Walther* v. *Glos,* 270 Ill. 390.

It is also argued by counsel for plaintiffs in error that the tender as made by Vlk gave no interest in it to subsequent purchasers. The subsequent purchasers were made parties to this litigation by supplemental bills after the suit was pending, and this was sufficient to make them parties and authorized them to take advantage of the interest granted to them by Vlk, and Vlk had a right to remain in the case for his own protection. (*Phillips* v. *Glos,* 282 Ill. 224.) The tender was made by Vlk for the entire amount due plaintiffs in error and was made before the other defendants in error acquired any interest in the property. If the tender was sufficient as made by Vlk, there can be no question that plaintiffs in error were protected in all their rights. The courts desire, in cases of this character, to enter decrees that will be equitable as to all parties interested. It would appear from this record that plaintiffs in error have no ground to complain of the tender, and that it was kept good. *Wright* v. *Glos,* 264 Ill. 261; *Phillips* v. *Glos, supra.*

We find no reversible error in the record, and the decree of the superior court will therefore be affirmed.

*Decree affirmed.*