CUBANO, PLAINTIFF AND APPELLANT, *v.* JIMÉNEZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the Second District Court of San Juan in an Action for Damages.

No. 2858.—Decided June 29, 1923.

REOPENING CASE—DISCRETION OF COURT—NOTICE—NEGLIGENCE OF COUNSEL.—It is an abuse of discretion to set aside a judgment and reopen a case at the instance of a defendant who attempted to establish that he had a good defense and alleged as an excuse for his failure to appear at the trial merely that he received no notice of the setting of a day for the trial or, for the call of the docket. Attorneys should pay constant attention to their cases pending in the courts, that being one of their duties as such attorneys, for notice of the call of the docket or of the setting of a day for the trial is not required by statute and the negligence of an attorney in this regard shows *prima facie* a lack of the due diligence demanded by ordinary care and prudence.

DAMAGES—COMBINED NEGLIGENCE—CAUSE OF ACTION.—If a person suffers damages as the immediate result of the negligence of two other persons and the damages would have not occurred through the negligence of only one of them, they are both liable to the person injured. This is so with regard to damages to property as well as to damages to a person. The rule is well settled that when damages result from the combined negligence of several persons, such persons are jointly and severally liable to the person injured and an action may be maintained against one or all of the persons causing the damage.

The facts are stated in the opinion.

*Messrs. E. Campillo* and *M. Tous Soto* for the appellant.

*Messrs. C. Iriarte, Jr.,* and *J. Ruiz de Val* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In this case the judgment rendered exonerated defendant Rosendo Alejandro from liability and adjudged that the other defendant, Jesús Jiménez Valcárcel, should pay to the plaintiff the sum of $500 as an indemnity for the damages suffered by the plaintiff's motor bus in consequence of an accidental collision of the motor busses of the defendants. In the complaint, however, the combined negligence of the defendants was alleged.

The case was tried without the attendance of defendant Jesús Jiménez Valcárcel, who thereafter filed a motion alleging that notice of the setting of the case for trial or of the day set by the trial judge for the call of the docket was not given to him by the clerk of the court or by the attorney for the adverse party and praying that therefore the trial court set aside the judgment rendered in the case on June 26, 1922, and reopen the case for the examination of evidence. The motion was accompanied by affidavits tending to show that he had a good defense.

The trial court sustained that motion, set aside the judgment of June 26, 1922, and reopened the case with regard to defendant Jesús Jiménez Varcárcel.

From that order the present appeal was taken, the appellant alleging, among other reasons, that the motion is insufficient to excuse the failure of the defendant to appear at the trial.

The question raised is not a new one in this Supreme Court and its former decisions favor the appellant.

In the case of *Cintrón* v. *El Zenit,* 28 P. R. R. 642, the appellant alleged that an earthquake had destroyed the court building and assigned as error that the court held the

trial without being assured that the defendant had been notified of the setting of the case for trial, and yet the court said:

"The setting of a day for the trial required no notice to the parties, and no notice was necessary to the defendant of an order overruling the motion to strike out, in case such order was entered, for it was not prejudicial to the defendant. It is conclusively presumed that the parties are before the court and the only cases in which notice must be given are those specified in the Acts of March 9, 1911, and March 11, 1915. *Guardian Assurance Co., Ltd.,* v. *López Acosta, District Judge,* 24 P. R. R. 597."

The same doctrine was laid down in the case of *Santalís* v. *El Zenit,* 28 P. R. R. 649, and in the cases of *Glos* v. *Gleason,* 70 N. E. 1045, and *Davis* v. *Peck et al.,* 55 Pac. 192.

If the statute does not require notice to the parties or their attorneys of the call of the docket, the mere ignorance of the attorney of the day set for the trial can not be invoked as a lawful excuse in any case. Attorneys should pay constant attention to their cases pending in the courts, for that is one of their duties as attorneys, inasmuch as notice of the call of the docket or of the setting of a day for the trial is not required by statute and the negligence of an attorney in this regard shows *prima facie* a lack of the due diligence demanded by ordinary care and prudence.

Nevertheless, although there is a tendency to discuss the merits of the case in the affidavits accompanying the appellee's motion, and without prejudging any question that might affect the merits of the case, we find that the tendency of the jurisprudence has been in similar cases to make the several defendants liable *in solidum.*

"In an action for injury alleged to be due to a neglect of duty on the part of the defendant, it is no defense that a similar duty rested upon another person. Nor is it any defense to show that the act or omission charged was not the sole and only cause of the

injury. If the defendant's act was operative at the very moment of the injury, he will be held liable therefor, although the injurious result was concurred in and contributed to by the act of a third person, or inevitable accident. Stated in another form, if a person suffers damage as the proximate result of the negligence of two others, and the damage would not have occurred from the negligence of either alone, both are held liable to the person injured. And this is true of injuries to property as well as to personal injury. The rule is thoroughly well established that where an injury is the product of the combined negligence of several persons, such persons are jointly and severally liable to the person injured, and suit may be instituted against one or all of the wrongdoers." 20 R. C. L. 102-103.

In the case of *Cruz et al.* v. *Frau,* 31 P. R. R. 87, the court said:

"The defendant bases his case essentially on placing upon the other automobile all of the responsibility for the occurrence, but perhaps it would have been to the interest of the defendant to have obtained the identification of the other automobile which has remained unknown. However, the most favorable conclusion at which we might arrive is that the defendant should share the liability with the other automobile and that both were the proximate cause of the accident."

Moreover, in his brief the appellee merely mentions section 140 of the Code of Civil Procedure, but cites no authority in support of the court's order.

For the foregoing reasons, and considering the jurisprudence applicable, the court below exceeded its discretion in entering the order setting aside its judgment, and the said order of August 11, 1922, must be reversed.

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.